991 F.2d 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Willie BOWMAN, Jr., Defendant/Appellant.
 No. 92-2534.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1993.
Decided April 1, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Willie Bowman, Jr., pleaded guilty to one count of a six-count indictment alleging that Bowman possessed cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Bowman was sentenced to 78 months imprisonment followed by a six-year term of supervised release.
 
 
 2
 On appeal, Bowman's appointed counsel filed a motion to withdraw and an Anders brief explaining why counsel believes that an appeal would be frivolous.[1] See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). In his Anders brief, counsel identified the following issues that the defendant conceivably could argue on appeal: (1) the district court abused its discretion when it failed to depart downward pursuant to U.S.S.G. § 4A1.3 in setting Bowman's criminal history category; and (2) the district court erred in failing to depart downward more than two levels in response to the government's motion filed under U.S.S.G. § 5K1.1.
 
 
 3
 Prior to the defendant's sentencing hearing, the defendant filed two objections to the pre-sentence report ("PSR"). The defendant conceded that the calculation of his base offense level as 28 and his criminal history as Category III in the PSR was accurate. Nonetheless, Bowman maintained that the court should depart substantially below his base offense level when ruling favorably on the government's § 5K1.1 motion due to his assistance to the government. Furthermore, the defendant maintained that the court should place him in a lower criminal history category pursuant to § 4A1.3 because his criminal history as calculated under the Guidelines over-represented his criminal history and likelihood of recidivism.
 
 
 4
 In response to the government's motion for a downward departure under § 5K1.1, the district court reduced the defendant's offense level from 28 to 26. The court found that Bowman's history of convictions warranted the imposition of criminal history category III, and therefore declined to lower Bowman's criminal history category under 4A1.3. Bowman's adjusted base offense level of 26 cross-referenced with criminal history category III yielded a sentencing range of 78 to 97 months. The sentencing court stated that because of Bowman's cooperation with the government and his expression of remorse, he would receive the minimum sentence of 78 months imprisonment.
 
 
 5
 This court's jurisdiction to review sentencing decisions is confined to those grounds set forth in 18 U.S.C. § 3742(a) & (b). United States v. Hayes, 939 F.2d 509, 512 (7th Cir.1991), cert. denied, 112 S.Ct. 896 (1992). The court lacks jurisdiction to review the propriety of a sentence established within the applicable range of the Sentencing Guidelines, see United States v. Guerrero, 894 F.2d 261, 267 (7th Cir.1990), to review the district court's discretionary decision to depart or not to depart downward, United States v. Welch, 945 F.2d 1378, 1386 (7th Cir.1991), cert. denied, 112 S.Ct. 1235 (1992); United States v. Gant, 902 F.2d 570, 572 (7th Cir.1990), or to review a claim of insufficient downward departure. United States v. Dean, 908 F.2d 215, 217 (7th Cir.1990), cert. denied, 111 S.Ct. 2801 (1991). There is a narrow exception to the general rule against review of the district court's exercise of discretion in departure decisions where the defendant "demonstrates 'grave doubt as to the veracity of the information ... [and] that the court relied on that false information in determining the sentence.' " United States v. Franz, 886 F.2d 973, 980 (7th Cir.1989) (quoting United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986)). In addition, "a sentencing court's use of an invalid departure ground is an incorrect application of the Guidelines." Williams v. United States, 112 S.Ct. 1112, 1119 (1992). Nevertheless, counsel does not allege that the sentencing court relied on inaccurate information or an invalid departure ground in calculating Bowman's sentence and nothing in the record suggests such an error.
 
 
 6
 The issues identified by counsel as arguable grounds for appeal concern the district court's decision not to depart under § 4A1.3 and the extent of downward departure under § 5K1.1. Because this court lacks jurisdiction to review the district court's decisions on these two issues, an appeal challenging the district court's rulings would be frivolous.
 
 
 7
 Defense counsel also suggested in his objections to the PSR and in his Anders brief that the defendant's age (50) warranted departure. Age is "not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.1. Consideration of age in a decision to depart is limited to instances where "the offender is elderly and infirm and where a form of punishment (e.g., home confinement) might be equally efficient as and less costly than incarceration." Id. Bowman is neither elderly nor infirm, although he may well be older than the average defendant convicted of a drug offense. Nothing in the record would have supported a departure based upon Bowman's age or physical condition. See United States v. Carey, 895 F.2d 318, 324 (7th Cir.1990) (district court's failure to make particularized findings required by §§ 5H1.1 and 5H1.4 of the Guidelines when departing downward on the grounds that 62-year-old defendant who had several serious operations for a brain tumor was an abuse of discretion).
 
 
 8
 We conclude that Bowman cannot meritoriously argue that the district court abused its discretion to depart downward or that the district court relied on inaccurate information in sentencing. Additionally, we have examined the entire record in this case, and have found no nonfrivolous issues that could be raised on appeal. Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.