**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert GANT, Defendant–Appellant.**

**No. 89–1555.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 13, 1989.

Decided May 14, 1990.

Francis D. Schmitz, Stephen J. Liccione, and Stephen A. Ingraham, Asst. U.S. Attys., Office of the U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Thomas G. Halloran, Milwaukee, Wis., for defendant-appellant.

Before WOOD, Jr., COFFEY and RIPPLE, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Defendant Robert Gant pleaded guilty to one count of a superseding indictment that charged him with conspiring to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. At his sentencing hearing, Gant requested that the district court refrain from classifying him as a career offender under section 4B1.1 of the Sentencing Guidelines. The government also moved for a downward departure from Gant's guideline range under Guidelines § 5K1.1 due to Gant's significant cooperation. The district court sentenced Gant as a career offender and departed from Gant's guideline range, although not to the extent that either the government or Gant had requested. On appeal, Gant challenges his career offender classification and the extent of the sentenc-

ing court's downward departure from his guideline range.

The conspiracy forming the basis of Gant's current conviction was alleged to have lasted from January 1, 1988, to August 3, 1988. Drug Enforcement Administration agents purchased several ounces of cocaine from Gant on three occasions during June and July of 1988. Emboldened by these relatively small purchases, the undercover agents told Gant that they wished to buy the drug in much larger quantities. Gant arranged a meeting between the agents and Jerome Campbell, a potentate in the drug distribution enterprise whose imprimatur was required for all kilogram-quantity sales. The attempted two-kilogram purchase was never consummated, however, because Gant and Campbell discerned that the agents were poseurs. After his eventual arrest and guilty plea, Gant cooperated extensively with the government investigation and testified as a government witness at Campbell's trial.

At Gant's sentencing hearing, neither Gant nor his counsel objected to the factual accuracy of the presentence report. The presentence report contained a finding that Gant's two prior convictions for voluntary manslaughter elevated him to the status of a "career offender" under Guidelines § 4B1.1, which subjected Gant to a sentence "at or near the maximum term authorized" under the Guidelines. 28 U.S.C. § 994. Based upon the facts contained in the presentence report, the district court found that Gant had a net offense level of 32 and a category VI criminal history. Cross-referencing a net offense level of 32 with a category VI criminal history yields a sentencing range of 210 to 262 months imprisonment. Guidelines, ch. 5, pt. A. In accord with the defendant's plea agreement, the district court considered 240 months to be the "cap" on the defendant's potential sentence. Because Gant assisted in the investigation and prosecution of Campbell, the government motioned the court to depart downward from the sentencing range pursuant to Guidelines § 5K1.1. The government recommended a sentence in the range of 96 to 108 months. Defense counsel requested that the court impose a sentence in the range of 41 to 51 months, which would have been Gant's guideline range if he was not burdened with the career criminal classification. The court granted the government's motion for downward departure. Nevertheless, the court concluded that the government's suggested sentencing range of 96 to 108 months was too generous and instead sentenced Gant to 120 months imprisonment.

Subsections 3742(e) and (f) of title 18 provide the standard of review of a district court's sentencing determination. Subsection 3742(e) provides that appellate courts must review the record to determine if a sentence (1) was imposed in violation of the law; (2) resulted from an incorrect application of the Guidelines; (3) was imposed for an offense not contemplated by the Guidelines and is plainly unreasonable; or (4) is outside the applicable guideline range and is unreasonable. Subsection 3742(e) further requires that we give due regard to the district court's credibility determinations and accept the sentencing court's findings of fact unless they are clearly erroneous. We must also give due deference to the district court's application of the Guidelines to the facts. Subsection 3742(f) requires us to remand with instructions for resentencing if our review of the record reveals any of the four exclusive bases for reversing a sentence listed in subsections (e) and (f).

■ Under the Guidelines, a "career offender" is essentially a defendant convicted of a violent crime or drug felony with "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Guidelines § 4B1.1. The Guidelines in effect at the time of Gant's sentencing incorporated the definition of the term "crime of violence" contained in 18 U.S.C. § 16. Guidelines § 4B1.2(1). Under section 16, a crime of violence is:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a sub-

stantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Gant was convicted in 1977 and 1984 of committing voluntary manslaughter. On appeal and at his sentencing hearing, Gant argued that his manslaughter convictions did not justify the district court's decision to brand him as a career offender. Defense counsel argued at the sentencing hearing that Gant's prior convictions were for mere "street crimes" committed against persons who were partially responsible for being Gant's victims. Gant now argues that the trial court erred in classifying him as a career offender because his prior convictions were unrelated to drug offenses and were not premeditated.

The plain language of sections 4B1.1 and 4B1.2 indicates that Gant's arguments lack merit. Guidelines § 4B1.1 cloaks a defendant with the "career offender" designation if (1) he is at least eighteen years old at the time of the offense for which he is being sentenced, (2) the present offense of conviction is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony [1] convictions for either a crime of violence or a drug offense. The application note to section 4B1.2 that was in effect at the time of Gant's sentencing [2] listed manslaughter as an example of a crime of violence. Guidelines § 4B1.2 application note 1. Section 4B1.1 does not require any special relationship between the prior two felony convictions and the present felony conviction, nor is there any premeditation re-

quirement for crimes of violence. Gant had fulfilled all of section 4B1.1's requirements prior to his involvement in the drug conspiracy for which he was sentenced. The district court therefore did not err in applying the career offender provision.

■ Having determined that the district court correctly applied the career offender provision, the only remaining issue we must consider is Gant's claim that the district court did not depart far enough downward from Gant's sentencing range. We note that in 18 U.S.C. § 3742 Congress provided for a scheme of limited appellate review even of departures from the Guidelines. *See United States v. Franz*, 886 F.2d 973, 978–82 (7th Cir.1989); *United States v. Colon*, 884 F.2d 1550, 1555 (2d Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). "[I]n order to avoid unnecessary appeals," Congress restricted review of upward departures to defense appeals and downward departures to government appeals. S.REP. No. 225, 98th Cong., 2d Sess. 154, *reprinted in* 1984 U.S.CODE CONG. & ADMIN.NEWS 3182, 3337. Section 3742(a), which authorizes a defendant to appeal his sentence in specific instances, only permits a defendant to appeal an *upward* departure from a properly calculated sentencing range. 18 U.S.C. § 3742(a)(3)(A).[3] In *United States v. Franz*, 886 F.2d 973 (7th Cir.1989), we dismissed for lack of jurisdiction under section 3742(a) a claim that the district court's *refusal* to depart from a lawful sentence within the applicable Guideline range was "an incorrect application of the sentencing guidelines" within the meaning of section

---

**1.** Application note 3 to section 4B1.2 defines "prior felony conviction" as a "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." A defendant convicted of voluntary manslaughter in Tennessee can be sentenced to up to fifteen years imprisonment. TENN.CODE ANN. §§ 39–13–207(b), 40–35–111(3).

**2.** Effective November 1, 1989, Guidelines §§ 4B1.1 and 4B1.2, and their application notes were amended. The amended guidelines have no application to this case because they were

not in effect on the day of sentencing. 18 U.S.C. § 3553(a)(4).

**3.** Section 3742(a)(3)(A) provides in part that a defendant may file a notice of appeal if the sentence:

(3) was imposed for an offense for which a sentencing guideline has been issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(A)(1), and the sentence is greater than—

(A) the sentence specified in the applicable guideline to the extent that the sentence includes a greater fine or term of imprisonment . . . than the maximum established in the guideline. . . .

3742(a)(2). It would be anomalous to find that we have jurisdiction over the appeal of a defendant who actually benefited from a downward departure that he regards as being niggardly. With the exception of Gant's career offender status, defense counsel explicitly waived any objections to the district court's sentencing calculations. Gant's sentence resulted from a correct application of the sentencing guidelines and was not unlawfully imposed.

Because section 3742(a) does not provide for appellate review of a downward departure of an otherwise appropriate sentence, that portion of Gant's appeal challenging the extent of the downward departure is DISMISSED. The district court properly classified Gant as a career offender under Guidelines § 4B1.1 and his sentence is therefore AFFIRMED.