UNITED STATES of America,
Plaintiff–Appellee,

v.

Timothy J. DEAN, Defendant–Appellant.

No. 89–2786.

United States Court of Appeals,
Seventh Circuit.

Argued April 9, 1990.

Decided July 27, 1990.

As Amended Aug. 1, 1990.

John W. Vaudreuil and Daniel P. Bach, Asst. U.S. Attys., Madison, Wis., for plaintiff-appellee.

Morris D. Berman, Giesen & Berman, Madison, Wis., for defendant-appellant.

Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

Timothy J. Dean, already a three time convicted drug offender, pleaded guilty to delivering 1.09 grams of LSD in violation of 21 U.S.C. § 841(a)(1). Since Dean had three prior felony convictions involving drug offenses on his record, he was classified as a Career Offender pursuant to § 4B1.1 of the Sentencing Guidelines with an applicable sentencing range of 360 months to life. Acknowledging the defendant's substantial assistance in the prosecution of another drug offender as well as the minor nature of his previous convictions, at sentencing the government recommended a substantial downward departure from that range pursuant to both § 18 U.S.C. § 3553(a)(3) and § 5K1.1 of the Guidelines. The district court agreed, sentencing Dean well below the applicable range to a sentence of six years in prison, followed by an eight year term of supervised release. Despite the apparent generosity on the part of the district court, Dean challenges the sentence, claiming that the court should have granted a greater departure downward.

## I.

On January 18, 1989, Dean was indicted on four counts of various violations of federal law involving the distribution of LSD. Dean entered into a plea agreement with the government in which he agreed to plead guilty to Count IV of the indictment charging him with knowingly and intentionally distributing 1.09 grams of LSD in violation of 21 U.S.C. § 841(a)(1). In return, the government agreed to move to dismiss at sentencing the remaining three counts against Dean. Acknowledging the defendant's substantial assistance in the prosecution of another drug offender as well as the minor nature of his previous convictions, the government also agreed to file a motion pursuant to 18 U.S.C. § 3553(e) giving the sentencing judge the authority to impose a sentence below the ten year mandatory minimum sentence applicable to

Count IV. The government further agreed that if the Career Offender provisions of the Guidelines were applicable to the defendant, the government would recommend a substantial downward departure from that range pursuant to § 5K1.1.

The defendant's Presentence Report determined that his base Offense Level was 26 and his Criminal History Category was III. The Report recommended a two level reduction in Dean's Offense Level for his acceptance of responsibility pursuant to § 3E1.1. Based on these calculations, the applicable sentencing range was 63–78 months. The Presentence Report, however, determined that Dean should be classified as a career offender pursuant to § 4B1.1 due to his three prior felony convictions for the delivery of marijuana. This determination boosted his Offense Level to 37 and Criminal History Category to VI. Given the weight of the LSD and Dean's prior convictions for drug felonies, he faced a maximum penalty of life in prison, with a mandatory minimum penalty of ten years in prison. The guideline imprisonment range was 360 months to life.

In accordance with the plea agreement, the government subsequently filed a motion, pursuant to 18 U.S.C. § 3553(e), requesting that the court impose a sentence below the ten year mandatory minimum sentence as established by statute. In addition, the government recommended pursuant to § 5K1.1 of the Guidelines that the court impose a sentence reflecting a substantial downward departure from the applicable range of 360 months to life imprisonment. At sentencing, the court accepted the guideline calculations submitted in the presentence report characterizing the defendant as a Career Offender and subjecting him to 360 months to life imprisonment. After considering the government's motion for a sentence below the statutory minimum as well as its recommendation for a substantial downward departure from the calculated guideline range, the court imposed a sentence giving recognition to both government motions, sentencing the defendant to six years in prison to be followed by eight years of supervised release. Dean appeals.

## II.

■ Dean's principal claim on appeal is that his sentence was imposed as a result of an incorrect application of the Guidelines, pursuant to 18 U.S.C. § 3742(a)(2), because the sentencing court considered itself constrained in its decision to depart downward by the applicable guideline range to an extent not intended by the Sentencing Commission. Underlying this claim is his belief that the sentencing court should have granted a greater departure downward than it did. This is somewhat of a remarkable claim given that he was eligible for a sentence of thirty years to *life* but received a departure downward to six years in prison. Dean maintains that since the sentencing court incorrectly applied the Guidelines, we should vacate his sentence and remand for resentencing.

The government argues that 18 U.S.C. § 3742 does not provide for appellate review in this case and, therefore, this Court lacks jurisdiction to entertain Dean's appeal. In 18 U.S.C. § 3742 Congress provided for a scheme of limited appellate review of sentencing, including departures, under the Guidelines. *See* S.Rep. No. 225, 98th Cong., 2nd Sess. 149 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3332; *United States v. Franz*, 886 F.2d 973, 978 (7th Cir.1989). Section 3742(a) permits a defendant to appeal for review of his sentence in four circumstances:

> Appeal by defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or

> (b)(11) than the maximum established in the Guideline range; or
>
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). The government is granted parallel rights to appeal in four analogous situations. *See* 18 U.S.C. § 3742(b).

Dean does not argue that his appeal falls under subsections (1), (3) or (4) of § 3742(a). Rather, he contends that we have jurisdiction to review his appeal under § 3742(a)(2) because the district court's refusal to grant a greater departure was the result of an "incorrect application of the sentencing guidelines." In *United States v. Franz*, 886 F.2d 973 (7th Cir.1989), we dismissed for lack of jurisdiction under § 3742(a) a claim that the sentencing court's *refusal* to depart from a lawful sentence within the applicable guideline range was an "incorrect application of the sentencing guidelines" within the meaning of § 3742(a)(2). Perhaps anticipating the very argument raised by Dean, we noted in *Franz* that "a district court's decision *to* depart from the guidelines, no less than a court's decision *refusing* to depart, *could* be characterized as an 'incorrect application of the sentencing guidelines' appealable under 18 U.S.C. § 3742(a)(2)." *Id.* at 978. We concluded, however, that such an interpretation must fail because it would render § 3742(a)(3) (which provides for appellate review of district court decisions to depart upwards) redundant. "Because Congress could not have intended such a specific provision to be mere surplusage," Congress did not intend for downward departure-related decisions, including refusals to depart, to be appealable under section 3742(a)(2). *Id.* Accordingly, under *Franz*, we lack jurisdiction to review the defendant's claim that the district court's downward departure was the result of an incorrect application of the Guidelines.

Dean cannot escape this conclusion by characterizing his claim as simply an assertion that the district court acted unreasonably in not granting a greater departure. In a recent decision, *United States v.*

*Gant,* 902 F.2d 570, 572 (7th Cir.1990), the defendant claimed on appeal that "the district court did not depart far enough downward." In dismissing the claim for want of jurisdiction, we held that "section 3742(a) does not provide for appellate review of a downward departure of an otherwise appropriate sentence ..." We noted that "it would be anomalous to find that we have jurisdiction over the appeal of a defendant who actually benefitted from a downward departure that he regards as niggardly" and to find no jurisdiction, as we did in *Franz,* over the appeal of a defendant who was denied a departure by the sentencing judge. *Id.* We concluded that "[s]ection 3742(a), which authorizes a defendant to appeal his sentence in specific instances, only permits a defendant to appeal an *upward* departure from a properly calculated sentencing range."

Regardless of whether Dean's claim is characterized as an incorrect application of the Guidelines or a challenge merely to the court's refusal to depart further downward, Congress has not provided for appellate review of his claim. As we stated in *Franz,* where the defendant fails to suggest any law that the district court violated in departing downward, his appeal will be denied. Dean has made no such suggestion. Accordingly, we lack jurisdiction to review his challenge to his sentence.

■ Dean raises one other claim on appeal in which he challenges the "irrationality" of the LSD sentencing structure. As noted above, he pleaded guilty to the distribution of 1.09 grams of LSD in violation of 18 U.S.C. § 841(a)(1). Under the enhanced penalty provision of 21 U.S.C. § 841(b)(1)(B)(v), any defendant who distributes "one gram or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD) ... shall be sentenced to a term of imprisonment which may not be less than five years ..." He claims that it was irrational to consider the weight of the carrier medium, in this case blotter paper, as part of the "mixture or substance" and that he should be sentenced according to the weight of the LSD alone. We recently addressed this precise issue in *United States v. Marshall,* 908 F.2d 1312, 1315–26 (7th Cir.1990) (en banc), in which we held that is was not unconstitutional to count the weight of the blotter paper as part of the "mixture or substance." *Id.*

### III.

Section 3742(a) does not provide for appellate review of a downward departure of an otherwise appropriate sentence. Dean's challenge to the district court's departure under the Guidelines is therefore dismissed for lack of jurisdiction. Dean's challenge to his sentence under 21 U.S.C. § 841(b) is without merit and the district court is AFFIRMED.