**UNITED STATES of America**

v.

**Bonnie GERARD, a/k/a Bonnie Gerard Cohen, Defendant.**

**No. 91 Cr. 0761 (RWS).**

United States District Court, S.D. New York.

Jan. 29, 1992.

## SENTENCING OPINION

SWEET, District Judge.

Defendant Bonnie Gerard, a/k/a Bonnie Gerard Cohen ("Gerard") pled guilty on September 25, 1991 to one count of mail fraud in violation of 18 U.S.C. § 1341. For the reasons set forth below, in a departure from the United States Sentencing Guidelines (the "Guidelines"), a sentence of five years probation will be imposed, subject to the hearing now set for January 30, 1992. Gerard will also be required to make restitution as directed by the probation office and as monitored by the third party appointed pursuant to the order drawn up by the United States Attorney. Pursuant to 18 U.S.C. § 3013, a special assessment of $50.00 is mandatory.

The Presentence Report prepared by the United States Probation Office grades Gerard's offense conduct under the Guidelines at a total offense level of 20 and assigns her a Guidelines criminal history category of I. The magnitude of the offense level is attributable to enhancements commensurate with the amount involved in the offense. The Guidelines provide for an imprisonment range of 33 to 41 months, a supervised release period of two to three years and a fine of $7,500 to $75,000.

Despite the "widespread but serious misconception" that the promulgation of the Guidelines enjoined sentencing courts from considering personal characteristics of the offender, *United States v. Rodriguez*, 724 F.Supp. 1118, 1119 (S.D.N.Y.1989), "it was not Congress' aim to straitjacket a sentencing court, compelling it to impose sentences like a robot inside a Guidelines' glass bubble, and preventing it from exercising its discretion, flexibility or independent judgment." *United States v. Lara*, 905 F.2d 599, 604 (2d Cir.1990). The Guidelines themselves provide that departure is warranted when " 'there exists an aggravating or mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.' " U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)). The existence of two such factors here together warrant a downward departure from the range prescribed by the Guidelines.

■■■ Ms. Gerard's responsibilities as the sole care provider for her two teenage children constitutes the first ground for departure. Section 5H1.6 of the Guidelines [1] permits the court, in extraordinary circumstances, to consider family ties and responsibilities within the context of a downward departure. *United States v. Sharpsteen*, 913 F.2d 59, 63 (2d Cir.1990) ("The clear implication of section 5H1.6 is that if the court finds the circumstances related to family ties and relationships are extraordinary, it is not precluded as a matter of law from taking them into account in making a downward departure."); *United States v. Handy*, 752 F.Supp. 561, 564 (E.D.N.Y.1990) ("extraordinary" circumstances related to family ties and relationships and employment record together warrant downward departure); *United States v. Mills*, 1990 WL 8081, 1990 U.S.Dist. Lexis 400 (S.D.N.Y. Jan. 9, 1990).

This is a situation out of the "ordinary" in which consideration of Gerard's family ties and responsibilities is highly relevant to the determination of an appropriate sentence. Ms. Gerard is the sole care provider to two children, aged sixteen and seventeen, a state of affairs ironically occasioned

---

1. Section 5H1.6 provides that "[f]amily ties and responsibilities ... are not *ordinarily* relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6 (emphasis added).

by the same extensive and unenviable marital difficulties that caused the financial desperation that lends explanation, though not excuse, to the activities for which Gerard is now being sentenced. Gerard's divorce from her former husband has left her not only as the sole source of financial support for her children, but perhaps even more tragically, as their only parent: Gerard's former husband has openly disavowed his responsibility to pay child support, and has had virtually no contact with his children for the past six years, claiming that they have abandoned him. Gerard, on the other hand, is recognized by friends, family and community religious leaders as a model parent who is totally devoted to her children.

Gerard's voluntary undertaking to inform her clients of her misdeeds and to arrange full restitution prior to the commencement of the Government's investigation is a second factor warranting downward departure. Section 5K2.0 of the Guidelines provides that "[w]here ... the applicable guideline and adjustments do not take into consideration a factor listed in this subpart, departure from the applicable guideline range is warranted only if the factor is present to a degree substantially in excess of that which ordinarily is involved in the offense." U.S.S.G. § 5K2.0.

Although Gerard's Guideline range does incorporate a two-point reduction in her total offense level for "Acceptance of Responsibility" under U.S.S.G. § 3E1.1, the text of and commentary to § 3E1.1 suggest that that section applies primarily to defendants who acknowledge their guilt after having been confronted by the Government. The section does not, however appear to contemplate, or, in the language of § 5K2.0, "adequately take[ ] into consideration," the situation where a defendant confesses to her victims and attempts to make full restitution prior to a Government investigation.

In this case, Gerard came forward to her clients before anyone, including the Government, was aware of her misdeeds. She attempted to arrange for restitution of amounts in excess of those for which she is being held accountable under her plea. These acts of contrition prior to her arrest constitute a factor in "a degree substantially in excess of that" taken into account in the two-point reduction under § 3E1.1.

The Circuit Court of Appeals for the District of Columbia has suggested that consideration of such behavior is appropriate in determining whether to depart downward. In *United States v. Harrington*, 947 F.2d 956 (D.C.Cir.1991), the court rejected the appropriateness of a downward departure on the grounds of *post-arrest* rehabilitative efforts by a man convicted of narcotics offenses, *id.* at 962, but distinguished circumstances in which a defendant made *pre-offense* efforts at rehabilitation. *Id.* at 961 n. 8. Moreover, the court even "le[ft] open the possibility that, 'on rare occasion,' a further reduction might be in order [for post-arrest rehabilitative efforts], 'but only when and if the rehabilitation is "so extraordinary as to suggest its presence to a degree not adequately taken into consideration by the acceptance of responsibility reduction." ' " *Id.* at 962 (quoting *United States v. Sklar*, 920 F.2d 107, 115–17 (1st Cir.1990)).

Gerard's cooperation may even rise to the level of "Voluntary Disclosure of Offense," a stated grounds for departure under U.S.S.G. § 5K2.16. That section provides that departure may be appropriate if "the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense." Here, Gerard was not only fully cooperative with the Government, but actually identified clients who otherwise might not have been discovered and helped the Government calculate the exact amount owed to each of the affected clients.

Taken together, Gerard's family ties and responsibilities, her voluntary, pre-investigation attempts to make restitution and her assistance in the Government's investigation warrant a downward departure from the Guidelines. Gerard is eligible for one to five years probation by statute, 18 U.S.C. § 3561(b)(1), and, because the offense is a felony, is required either to pay a

fine, make restitution or perform community service. 18 U.S.C. § 3561(b)(2). Therefore, subject to the hearing now set for January 30, 1992, a sentence of five years probation is imposed. Gerard will also be required to make restitution as directed by the U.S. Probation Office.

It is so ordered.