976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert GANT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2754.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 28, 1992.[1]
Decided Sept. 22, 1992.
Rehearing Denied Jan 8, 1993.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Gant filed a motion pursuant to 28 U.S.C. § 2255, arguing that he was sentenced in violation of the laws of the United States. The district court summarily dismissed the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. Gant appeals that decision, and we affirm the district court.
 
 I.
 
 2
 Gant pleaded guilty to a charge of conspiracy to distribute cocaine, former 18 U.S.C. § 846, and cooperated by testifying against a co-conspirator so that three other charges against him would be dropped. At a hearing, Gant did not object to the presentence report upon which his sentence would be based. Because of his cooperation, the United States filed a section 5K1.1 motion for a downward departure from the range dictated by the United States Sentencing Guidelines ("Guidelines"). The district court granted the motion and Gant was sentenced to 120 months imprisonment followed by three years supervised release. Gant appealed his sentence to this court and lost. United States v. Gant, 902 F.2d 570 (7th Cir.1990).
 
 
 3
 Gant complains in his motion that the United States did not comply with 21 U.S.C. § 851(a)(1), which provides, inter alia, that a defendant be given notice of any prior convictions that are going to be used to increase his punishment. Gant believes that the "criminal history" and "career criminal" assignments calculated from the presentence report are sentence enhancements controlled by section 851, and he was deprived proper notice. He is wrong. Section 851 governs penalties enhanced beyond a statutory maximum or mandatory minimum. It does not govern calculation of a Guidelines' base offense level and imposition of an increased sentence within a statutory range. Prior convictions need not be identified in the indictment or information pursuant to section 851(a)(1). United States v. Wallace, 895 F.2d 487, 489-90 (8th Cir.1990). Not only was Gant's sentence not enhanced, it was reduced in light of the section 5K1.1 motion.
 
 
 4
 Gant also complains that the supervised release period to which he was sentenced violates 21 U.S.C. § 846, relying on the reasoning in Bifulco v. United States, 447 U.S. 381, 100 S.Ct. 2247 (1980). Bilfulco 's narrow holding was that a drug conspiracy conviction under the same statute could not be punished by imposition of a special parole term. The statute stated:
 
 
 5
 Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
 
 
 6
 Gant argues that the supervised release period imposed for his drug conspiracy violation is outside the authority of the district court, as was the special parole term in Bilfulco. However, on November 18, 1988, section 846 was amended to correct the error which the legislature believed Bifulco wrought. The amendment, in conjunction with the Guidelines' enactment resulted in a small window where a question of Bilfulco 's application is raised. Gant's case falls within that time frame. The window, however, closed when Congress enacted 18 U.S.C. § 3583(a), which specifically states that district courts are authorized to impose terms of supervised release to criminal sentences. See Gozlon-Peretz v. United States, 111 S.Ct. 840 (1991); United States v. Osborne, 931 F.2d 1139, 1144-45 (7th Cir.1991). The imposition of supervised release was within the district court's authority, and therefore Gant's argument fails.
 
 III.
 
 7
 For the foregoing reasons, the district court decision is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs