**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos CORREA, Defendant–Appellant.**

**No. 92–1681.**

United States Court of Appeals,
Seventh Circuit.

Argued April 21, 1993.

Decided June 2, 1993.

Matthew C. Craul (argued), Crim. Div., Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Michael G. Logan, (argued) Chicago, IL, for defendant-appellant.

Before CUMMINGS, and FLAUM, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

PER CURIAM.

Defendant Carlos Correa appeals from his sentence, contending that the district court misapplied the Sentencing Guidelines by not making a further downward departure for substantial assistance.

Defendant pled guilty to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), pursuant to a plea agreement. The government recommended a downward departure pursuant to U.S.S.G. § 5K1.1 due to defendant's substantial assistance, and suggested 30 months' imprisonment.

Defendant was sentenced to 51 months' imprisonment. The court granted a downward departure on two of the five factors listed in U.S.S.G. § 5K1.1; it also granted a downward departure for defendant's acceptance of responsibility.

The court also emphasized various factors which showed the seriousness of the crime, including the fact that defendant had engaged in the cocaine business for at least two years; that he dealt in large quantities of

---

cocaine; that while working as a janitor, in the short time he was in the United States he obtained a new worth of $100,000; and that the cocaine involved was of a high purity.

■ This court lacks jurisdiction to review the district court's decision where the refusal to depart downward is an exercise of discretion. *United States v. Franz*, 886 F.2d 973, 978 (7th Cir.1989). Defendant, however, maintains that the district court either imposed his sentence in violation of law within the meaning of 18 U.S.C. § 3742(a)(1), or as an incorrect application of the sentencing guidelines under 18 U.S.C. § 3742(a)(2). Defendant argues that the district court apparently believed that it was a better policy not to permit a downward departure to drug dealers, even if they had provided substantial assistance.

The district court opened the plea agreement hearing by offering defendant the opportunity to withdraw his guilty plea and set the case for trial after the court announced that it was "not agreeable to the departure that the government is recommending," notwithstanding defendant's substantial assistance. The district court judge indicated he did not favor giving defendant a break for his cooperation, and added: "So I am willing to accept the proposition that the defendant, because of his deep involvement in drug distribution, was able to give you very significant information, but that does not persuade me that I should depart from the sentence required by congressional enactment."

In addition, the court also considered the "inconsistency in the government's departure policy," where two other codefendants had received no recommendation for a downward departure despite the fact that they rendered substantial assistance and were directly responsible for the conviction of Correa and three other people, turned in by Correa. The district court criticized the government's recommendation of a 50 percent downward departure (from 60 to 30 months) as being totally arbitrary and having "nothing whatsoever to do with the guidelines or with the

[*United States v.* ] *Thomas*, [930 F.2d 526 (7th Cir.1991) ] holding." Instead it was "expediency, simple prosecutorial expediency."

■ There is nothing in the record to suggest that the district court did not follow the law. Rather, it showed concern about the effectiveness of the Guidelines substantial departure rule,[1] and the government's uneven application of that policy. The district court, however, was clearly aware that it could depart downward under section 5K1.1. In fact, it granted a downward departure on two of the factors listed in § 5K1.1. The district court simply chose not to grant defendant any *further* downward departures. We have no jurisdiction to review defendant's claim that the downward departure should have been greater. *See United States v. Gregory*, 932 F.2d 1167 (6th Cir.1991) (no jurisdiction to consider *degree* of downward departure); *United States v. Dean*, 908 F.2d 215, 217 (7th Cir.1990) (no jurisdiction where defendant seeks *greater* departure); *United States v. Gant*, 902 F.2d 570, 572 (7th Cir. 1990) (no jurisdiction where defendant argues court did not depart far enough downward); *United States v. Parker*, 902 F.2d 221, 222 (3d Cir.1990) ("It surely follows ... that we could not possibly have jurisdiction to hear an appeal by the defendant where there has been some downward departure"). "[I]t would be anomalous to find that we have jurisdiction over the appeal of a defendant who actually benefitted from a downward departure that he regards as niggardly." *Gant*, 902 F.2d at 572.

Defendant also argues that the district court violated the Guidelines by failing to examine the government's recommendation in light of the factors in 5K1.1. In fact, the court carefully considered each factor to determine "whether in this particular case it would be appropriate for me to grant a two level reduction for each of those five factors." The court then found that *under the facts of this particular case*, several of the factors overlapped. Moreover, the court need not

---

1. Of course, a judge's personal disagreement with the Guidelines cannot provide a reasonable basis for sentencing. *United States v. Muzika*, 986 F.2d 1050 (7th Cir.1993); *United States v.*

*Andruska*, 964 F.2d 640, 646 (7th Cir.1992); *United States v. Scott*, 914 F.2d 959, 963 (7th Cir.1990).

rely on every one of the factors. Section 5K1.1 states that in determining the extent of downward departure, the court's reasons "*may* include, *but are not limited to,* consideration of" the five factors. U.S.S.G. § 5K1.1 (emphasis added).

For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction.