UNITED STATES of America, Plaintiff–Appellee,

v.

Mattie Lou THOMAS, Defendant– Appellant.

No. 92–3120.

United States Court of Appeals, Seventh Circuit.

Argued July 8, 1993.

Decided Dec. 13, 1993.

Jeffrey B. Steinback, Leonard Goodman (argued), Genson, Steinback, Gillespie & Martin, Chicago, IL, for Mattie Lou Thomas.

Before CUDAHY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

KANNE, Circuit Judge.

Mattie Lou Thomas pleaded guilty to possessing four kilograms of heroin, an offense that would normally carry a ten-year mandatory minimum sentence. *See* 21 U.S.C. § 841. The district court departed from this statutory minimum to reflect Thomas' substantial assistance to the government, but it denied a departure to account for her unusual family circumstances. We reject Thomas' claim that the departure was too paltry.

I.

Thomas' sentence fell under 21 U.S.C. § 841(b)(1)(A), which mandates a term of ten-years imprisonment for any crime involving more than one kilogram of heroin (the "statutory minimum"). Federal statutes provide only one means for departing from a statutory minimum:

**Limited authority to impose a sentence below a statutory minimum**—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e).

Few provisions of the Federal Sentencing Guidelines discuss departures from statutory minimum penalties, although many provisions discuss departures from Guideline sentencing ranges. The provisions mentioning only the Guidelines include § 5H1.6, which allows limited departures from the "applicable guidelines range" to account for family circumstances. *See United States v. Johnson*, 964 F.2d 124, 129 (2d Cir.1992); *United*

Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Joseph D. Heyd (argued), Office of U.S. Atty., Chicago, IL, for U.S.

*States v. Headley,* 923 F.2d 1079, 1082 (3d Cir.1991). Section 5K1.1 is one of the only Guideline provisions mentioning departures from statutory minimum sentences. The section itself mirrors § 3553(e), by allowing departures "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." The comments following § 5K1.1 state that the section applies both to departures from the applicable Guideline range and to departures from statutory minimum penalties under § 3553(e).

### II.

Following her arrest for selling four kilograms of heroin to a government agent, Thomas cooperated with a federal investigation of other drug traffickers. In exchange for Thomas' assistance and her promise to plead guilty to the drug charges, the government requested the district court to depart downward from both the applicable Guideline range and from the ten-year mandatory minimum penalty. The government suggested a sentence of about half the Guideline range. Thomas requested a more extensive departure, based both on her assistance to the government and her extensive family obligations. Thomas introduced evidence showing that she cared for three mentally-disabled adult children and a four-year-old grandson. Until Thomas' incarceration, her grandson and her youngest child lived with her. Her second child, who resides in an institution, depended entirely upon Thomas for emotional support, and her oldest child, Diane, maintained her own apartment only with Thomas' assistance.

District Court Judge Milton Shadur sentenced Thomas to five years' probation and 1200 hours of community service, a sentence that reflected both Thomas' assistance to the government and her family circumstances. This court subsequently vacated Judge Shadur's sentence, finding (1) that a district court cannot order probation for a crime carrying a ten-year mandatory minimum penalty and (2) that the departure was unreasonable because the district court should not have considered Thomas' family obli-

gations. *United States v. Thomas,* 930 F.2d 526 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991) (*"Thomas I "*).

On remand, Thomas' case was reassigned to then District Court Judge Ilana Diamond Rovner. Judge Rovner sentenced Thomas to a term of six years' imprisonment, a sentence similar to that suggested by the government. When determining this sentence, the judge considered only Thomas' assistance to the government, explicitly refusing to factor in Thomas' family circumstances. As the judge told Thomas:

> You argue that despite the emphasis in 28 U.S.C. Section 3553(e) and policy statement Section 5K1.1 on a defendant's substantial assistance once the government has moved for a downward departure, the Court is free to consider factors other than the quality and extent of the defendant's cooperation in determining the appropriate level of departure. Specifically, you have asked that the Court consider your family responsibility under 5H1.6.

> I find that your position, Miss Thomas, is foreclosed by the Court of Appeals' decision [in *Thomas I* ]. The Seventh Circuit held that, "Only factors relating to a defendant's cooperation should influence the extent of a departure for providing substantial assistance under Section 3553(e)....

> This Court is bound by the Court of Appeals' holdings in this case and it is, therefore, precluded from considering your family's circumstances in calculating the extent of an appropriate downward departure from a mandatory minimum sentence under Section 3553(e)....

Thomas now appeals her sentence.

### III.

### A. *THE DEPARTURE FOR FAMILY CIRCUMSTANCES*

Thomas argues that the judge should have considered her family circumstances when she imposed sentence. The government argues that we lack jurisdiction over Thomas' claim, and in the alternative, that her claim lacks merit. We agree with the government on both points.

### 1. Jurisdiction.

As the government points out, this court possesses limited jurisdiction over appeals from sentencing decisions. 18 U.S.C. § 3742(a). Section 3742(a) restricts appellate jurisdiction to cases where the sentence:

(1) was imposed in violation of the law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentencing includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3568(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. Federal courts may consider only alleged violations of the law or the Guidelines.

18 U.S.C. § 3742(a).

This court has interpreted § 3742(a) as a restriction on challenges to downward departures. Because subsection three limits appellate jurisdiction to sentences "greater than the sentence specified in the applicable guidelines range," this court has refused jurisdiction over appeals challenging only the extent of a downward departure. *United States v. Gant*, 902 F.2d 570, 572 (7th Cir. 1990); *United States v. Dean*, 908 F.2d 215, 217 (7th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2801, 115 L.Ed.2d 974 (1991).

Despite our holdings in *Dean* and *Gant*, Thomas urges us to accept jurisdiction under § 3742(a)(1) and § 3742(a)(2), which allow review of sentences that were "imposed in violation of law" and that conflict with the Guidelines. In support of her position, Thomas cites cases where the district court has completely refused to grant a downward departure, a situation similar, but not identical, to her own case. In these cases, we have found jurisdiction where "the decision not to depart is the product of a conclusion that the judge lacks the authority to depart," but have denied review where the refusal to de-

part "reflects an exercise of the judge's discretion." *United States v. Poff,* 926 F.2d 588, 590 (7th Cir.) (en banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 96, 116 L.Ed.2d 67 (1991). The cases reason that a judge who misinterprets her authority has either committed a mistake of law under § 3742(a)(1) or misapplied the guidelines under § 3742(a)(2). *Id.* at 591.

■ This court need not decide whether *Poff*'s rule applies to cases like Thomas', where the judge agrees to depart but refuses to consider factors that the defendant deems relevant to the degree of the departure. We lack jurisdiction even if the rule applies, because Judge Rovner made a discretionary decision not to consider Thomas' family circumstances.

The judge's comments mirror Judge Mihm's comments in *United States v. Gulley,* 992 F.2d 108, 111 (7th Cir.1993). During Gulley's sentencing, Judge Mihm stated:

I have given considerable thought to this and I have done quite a bit of independent research on my own regarding this matter. I have looked for a reason, a lawful reason, for me to depart downward from the guidelines, and I cannot find one. I would be very happy to depart downward to a level 10 in this case, but none of the reasons offered by defense counsel have merit. . . .

Aberrant behavior, while I don't have any problem with applying that term to the facts of this case, I do not believe that is a justification that would be accepted by the Seventh Circuit. . . .

But since I cannot justify as a matter of conscience a sentence that departs from the guidelines, then I must sentence her pursuant to those guidelines. If I were to do otherwise it would mean in my mind I would become a law breaker and I also believe that with certainty any more lenient sentence, would result in a reversal, so from a practical point of view I don't believe that any purpose would be served by a less severe sentence.

*Id.* Based on this colloquy, we denied jurisdiction over the appeal, explaining:

If Judge Mihm had said, 'The Guidelines do not permit a downward departure for a single act of aberrant behavior,' it would be clear that he believed he lacked the authority to depart, and we would remand for resentencing. But that is not what Judge Mihm said. Instead he said that, in light of Seventh Circuit precedent, the facts of this case did not justify granting a downward departure. We believe this language demonstrates that Judge Mihm exercised his discretion in refusing to depart. *Id.* Because Judge Rovner also concluded that Seventh Circuit precedent prevented her from considering the merits of Thomas' case, our decision in *Gulley* precludes our jurisdiction over the appeal.

### 2. Law of the Case.

Even if this court were to have jurisdiction over this appeal, we would decline to reconsider *Thomas I.* In *Thomas I,* we found that Thomas' family circumstances did not warrant a departure from a ten-year statutory minimum penalty. *See Thomas,* 930 F.2d at 531. The case provides two explanations for its decision. It holds, first, that only factors relating to a defendant's assistance to the government should affect the extent of a departure from a statutory minimum sentence. *Id.* at 528–29. As an alternative basis, *Thomas I* holds that Thomas' situation would not warrant a departure under § 5H1.6, the section dealing with departures from the Guideline range for family circumstances. *Id.* at 530; *see also* U.S.S.G. § 5H1.6.

■ Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *United States v. Feldman,* 825 F.2d 124 (7th Cir.1987). The doctrine, however, allows some flexibility, permitting a court to revisit an issue if an intervening change in the law, or some other special circumstance, warrants reexamining the claim. *United States v. Mazak,* 789 F.2d 580, 581 (7th Cir. 1986).

■ Although Thomas has pointed to an intervening change in the law, that change does not compel us to reexamine *Thomas I.* She argues that, since her last appeal, the Federal Sentencing Commission has amended the Guideline provision dealing with family circumstances. U.S.S.G. § 5H1.6. This amendment may affect the second of *Thomas I*'s alternative bases of decision,[1] but it does not affect its first basis. If federal law allows departure from a statutory minimum sentence only for assistance to the government, it does not matter whether the amended § 5H1.6 would allow a departure from the Guideline range in cases not involving a statutory minimum.

Thomas also alleges that *Thomas I* conflicts with decisions that allow departures for family circumstances. Most of these decisions are distinguishable because they involve departures from the Guideline sentencing range, rather than from a statutory minimum penalty, *see, e.g., United States v. Johnson,* 964 F.2d 124 (2d Cir.1992); *United States v. Gerard,* 782 F.Supp. 913 (S.D.N.Y. 1992), and different rules apply to the two types of departures. *See United States v. Askew,* 958 F.2d 806, 812 n. 7 (8th Cir.1992). Of the cases cited by Thomas, only *United States v. Calle,* 796 F.Supp. 853 (D.Md.1992), discusses departures from statutory minimum penalties. In *Calle,* the district court granted the government's motion for departure based on the defendant's assistance to the government. When calculating the degree of that departure, the court considered both the defendant's assistance and her extraordinary family circumstances.

Although *Calle* directly supports Thomas' position, the case does not demonstrate the impropriety of *Thomas I.* Three other federal circuits have come to the same conclusions as *Thomas I. See United States v. Campbell,* 995 F.2d 173 (10th Cir.1993); *United States v. Valente,* 961 F.2d 133, 135 (9th Cir.1992); *United States v. Snelling,* 961 F.2d 93, 97 (6th Cir.1991). In *Campbell,* the district court granted a departure from a

---

1. The *Thomas I* court based the second part of its decision on language that has since been excised from § 5H1.6.

statutory minimum for assisting the government, but it refused to depart further to account for the defendant's diminished capacity. *Campbell,* 995 F.2d 173. The Tenth Circuit affirmed, holding that, while diminished capacity may be relevant to a departure from the Guidelines, U.S.S.G. § 5K2.13, it is irrelevant to a departure from a statutory minimum term. As the court stated:

> We reject the notion that once a downward departure from a statutory minimum sentence has been granted pursuant to § 3553(e) or U.S.S.G. § 5K1.1 the sentence has been "opened" for additional downward departures specified in the Sentencing Guidelines. Statutes trump Guidelines where the two conflict. *See United States v. Rockwell,* 984 F.2d 1112, 1114 n. 2 (10th Cir.1993). When a sentence is fixed by statute, any exception to the statutory directive must also be given by statute. *Cf. United States v. Kuntz,* 908 F.2d 655, 657 (10th Cir.1990) [parenthetical omitted]; *United States v. Thomas,* 884 F.2d 540, 543 (10th Cir.1989). The mandatory language of 21 U.S.C. § 841(b)(1)(A), and the expressly limited exception granted in 18 U.S.C. § 3553(e), convince us that a downward departure from the statutory minimum sentence for any purpose other than that provided in U.S.S.G. § 5K1.1 would conflict with and therefore violate the statute.

*Id.* Because three other federal circuits have issued well-reasoned opinions applying the same rule as *Thomas I,* Thomas cannot argue her case is an anomaly. We decline to reconsider the issue.

B. *THE DEGREE OF DEPARTURE FOR ASSISTANCE TO THE GOVERNMENT*

 Thomas bases her second argument on § 5K1.1, the Guideline provision dealing with assistance to the government. Section 5K1.1 lists five factors that are relevant to the degree of departure for substantial assistance. These five factors include "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance." The section further provides that "the appropriate reduction shall be determined by the court for reasons stated that

may include, but are not limited to, consideration" of five factors.

Thomas claims that the district court ignored the potential harm to her family when it calculated her departure. As evidence of that neglect, Thomas cites the following language of Judge Rovner:

> Although you did cooperate fully with the government in providing information with respect to your suppliers, the Court agrees with the government that your cooperation with respect to other distributors in the Detroit area was less than complete.

Thomas allegedly refused to turn over the Detroit suppliers because her children live in Detroit.

This court must reject Thomas' claim, as it rejected a nearly identical claim in *United States v. Correa,* 995 F.2d 686 (7th Cir.1993). In *Correa,* the district court granted a downward departure, relying upon two of the five factors listed in § 5K1.1. On appeal, the defendant claimed that the district court had neglected the other three factors. This court rejected the claim, finding that it had no jurisdiction "to review defendant's claim that the downward departure should have been greater." We also held that a district court need not "rely on every one of the factors" provided in § 5K1.1. Although § 5K1.1 provides that a court may consider the enumerated factors, the section does not compel the court to do so.

IV.

Finding no error in the imposition of Thomas' sentence, we AFFIRM.

CUDAHY, Circuit Judge, concurring.

I do not agree that we are without jurisdiction to review this sentence. It seems to me that Judge Rovner acted under the compulsion of *Thomas I,* the law of the case, and did not exercise her discretion.

I do, however, agree that Judge Rovner complied with the law of the case and therefore that the sentence must be affirmed on the merits. While the logic of *United States v. Calle,* 796 F.Supp. 853 (D.Md.1992) seems appealing, *Calle* does not reflect the weight

of authority, which seems to support the analysis of *Thomas I.*