37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Cleveland JEANES, Jr., Defendant-Appellant.
 No. 94-1740.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 24, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Cleveland Jeanes, Jr. pleaded guilty to one count of possession with intent to deliver cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1) & (2). He was sentenced to 188 months of imprisonment and six years of supervised release. Jeanes challenges the district court's refusal to decrease his offense level because of his alleged minor role in the offense pursuant to Sec. 3B1.2, and the district court's refusal to depart from the Guidelines because of mitigating factors pursuant to Sec. 5K2.0. We affirm.
 
 
 2
 The Sentencing Guidelines allow a district court to decrease the offense level when the defendant was a minimal or minor participant in the criminal activity. U.S.S.G. Sec. 3B1.2. The decrease is based upon the defendant's role in the offense, characterized by his knowledge or understanding of the scope and structure of the enterprise, and should be granted "infrequently." United States v. Gunning, 984 F.2d 1476, 1484 (7th Cir.1993); United States v. Moore, 991 F.2d 409, 413 (7th Cir.1993). We will reverse the district court's findings under Sec. 3B1.2 only when clearly erroneous. Gunning, 984 F.2d at 1484.
 
 
 3
 Jeanes argues he is entitled to a sentence reduction under Sec. 3B1.2 because he merely held the cocaine for another and he did not truly own the cocaine or participate in its distribution. The record demonstrates that (a) Jeanes told the trial court he was a minor participant in the crime, (b) no evidence corroborated Jeanes' statement, (c) Jeanes possessed 177 grams of cocaine, about half of which was packaged for sale as eight-balls, (d) a cocaine sifter was found in the kitchen, (e) $354.00 was found in his residence, and (f) Jeanes pleaded guilty to possession of cocaine with intent to distribute. Further, no evidence corroborated Jeanes' allegation that this was a group crime. See United States v. Thompson, 900 F.2d 301, 303 (7th Cir.1993) (section 3B1.2 refers to concerted activity, or group crimes). Under these circumstances, we cannot say the trial court erred by refusing to decrease Jeanes' offense level. See id. (if there are two permissible views of the evidence, the fact-finder's choice cannot be clearly erroneous).
 
 
 4
 Jeanes next argues the district court erred by refusing to consider mitigating factors inadequately addressed by the Guidelines. See U.S.S.G. Sec. 5K2.0 (district court may impose a sentence outside the Guidelines when there exists mitigating circumstances inadequately taken into account by the Sentencing Commission). However, we lack jurisdiction to review a district court's refusal to depart absent an error of law, such as a misinterpretation of its authority to depart under the Guidelines. United States v. Thomas, 11 F.3d 732, 735 (7th Cir.1993), petition for cert. filed, --- U.S.L.W. ---- (U.S. May 12, 1994) (No. 93-9751); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989). The record demonstrates the district court recognized its authority, but chose not to depart.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral ARgument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs