42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Desi C. TRIPLETT, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 93-3575.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1994.*
Decided Dec. 14, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 On June 10, 1991, Desi Triplett pleaded guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The court sentenced him to 10 years imprisonment and 5 years' supervised release, and Triplett appealed arguing that his sentence was unconstitutional under the equal protection clause because the sentence distinguished cocaine powder ("cocaine") from cocaine base ("crack cocaine"). We affirmed the sentence under U.S. v. Lawrence, 951 F.2d 751 (7th Cir.1991). Triplett now brings this action under 28 U.S.C. Sec. 2255 attempting to relitigate the same issue.
 
 
 2
 Because we reached the merits of this issue in our prior opinion, the law of the case doctrine prevents us from revisiting it now absent an intervening change of law or some other special circumstance. U.S. v. Thomas, 11 F.3d 732, 736 (7th Cir.1993), cert. denied, 63 U.S.L.W. 3346 (1994); U.S. v. Taglia, 922 F.2d 413, 418 (7th Cir.1991), cert. denied, 500 U.S. 427 (1991). We find no such change of law or special circumstance.[1] See U.S. v. Smith, 34 F.3d 514, 525 (7th Cir.1994) (penalties for cocaine base not cruel or unusual); Lawrence, 951 F.2d at 751 (rational basis for different penalties for cocaine base and cocaine powder).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Triplett cites U.S. v. Clary, 846 F.Supp. 768, (E.D.Mo.1994) hoping to demonstrate a change in law. However, the Eighth Circuit reversed Clary on appeal. U.S. v. Clary, 34 F.3d 709, (8th Cir.1994), reh'g and suggestion for rehearing en banc denied (Oct. 20, 1994)