**UNITED STATES of America**

v.

**Alicia HATCHER.**

**Criminal No. 94–173–1.**

United States District Court, E.D. Pennsylvania.

Dec. 2, 1999.

Alicia Hatcher, Alderson, WV, pro se.

Geraldine Hatcher, Ft. Worth, TX, pro se.

Valli F. Baldassano, U.S. Attorney's Office, Philadelphia, PA, for United States.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Defendant, Alicia Hatcher ("Hatcher") filed a 28 U.S.C. § 2241 petition requesting that this court set aside or vacate her sentence. Hatcher's petition should have been filed under § 2255. This court does not have jurisdiction to address the petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") since it is the second § 2255 petition Hatcher has filed. It is Ordered that Hatcher's petition be referred to the United States Court of Appeals for the Third Circuit for consideration.

### Factual and Procedural History

On September 19, 1994 petitioner Hatcher was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). She was sentenced to one hundred and twenty-five months in prison. The conviction was affirmed on appeal on November 2, 1995. On June 10, 1997, Hatcher, proceeding pro se, filed a motion in this court to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255; she claimed ineffective assistance of counsel for conflict of interest, failure to interview possible witnesses, failure to allow her to testify on her own behalf, and pursuit of useless cross-examination. In an Order dated November 11, 1997, Hatcher's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 was denied.[1]

On October 25, 1999, Hatcher filed a habeas corpus motion pursuant to 28 U.S.C. § 2241. She alleged that: (1) this court did not have jurisdiction over her criminal case; (2) she received ineffective assistance of counsel, who failed to inform her about a Plea Agreement offered by the government, failed to adequately, failed to subpoena key witnesses, and failed to allow her to testify on her own behalf; and (3) the government failed to prove she was involved in a conspiracy.

### Discussion

#### A. Motion Pursuant to U.S.C. § 2255

Section 2255 allows a federal prisoner to challenge the validity of a sentence if the petitioner claims that: (1) the sentence was in violation of the Constitution; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeded the amount allowable by law; and (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. The petitioner may move the court which imposed the sentence to vacate, set aside, or correct it. See id.

The AEDPA, Pub.L. 104–132, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. § 2255), an amendment to the procedural requirements of § 2255, requires an applicant filing a second or successive § 2255 motion to seek authorization from the appropriate court of appeals before the district court may consider the application.[2]

#### B. Motions Pursuant to U.S.C. § 2241

Section 2241 states that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28

---

1. Petitioner's first § 2255 motion was denied because it was not timely filed. However, the memorandum opinion stated that even if the petition were timely filed, it would have been denied on the merits.

2. As a condition to district court consideration, the appellate panel must find that the petition contains: (1) new evidence which would establish by clear and convincing evidence that a rational factfinder could not find the movant guilty of the offense; or (2) a new rule of constitutional law made retroactive to cases on collateral review. See 28 U.S.C. § 2255.

U.S.C. § 2241(a),(c)(3). The AEDPA amendment to § 2255 contemplates recourse to a § 2241 petition in certain circumstances. Section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The "inadequate or ineffective" language contained in § 2255 is a safety-valve permitting a prisoner to file a § 2241 petition when the § 2255 procedure is inadequate or ineffective. *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir.1997). However, the safety-valve language of § 2255 is construed narrowly; filing a petition under § 2241 to avoid the gatekeeping requirements of the AEDPA would effectively eviscerate Congress' intent in amending § 2255. *See id.* at 251.

### C. Hatcher's § 2241 Motion

■ Hatcher's § 2241 motion collaterally attacks the validity of her sentence. Because Hatcher's motion requests collateral review of her sentence, a § 2255 motion is the procedural remedy.

> Ever since 1948, when Congress enacted § 2255 to allow for collateral review of the sentences of federal prisoners in the trial court, that section, rather than § 2241, has been the usual venue for federal prisoners seeking to challenge the legality of their confinement. The addition of § 2255 was deemed necessary because the judiciary was experiencing practical problems in light of the obligation for federal prisoners to file

their § 2241 claims in the district where they were confined.

*In re Dorsainvil*, 119 F.3d at 248.

A § 2241 motion is available only when the remedy under § 2255 is inadequate or ineffective. *See* 28 U.S.C. § 2255. Hatcher alleges no facts suggesting § 2241 is available.

### D. 28 U.S.C. § 2255 Limitations Period

Since Hatcher's § 2241 motion should have been filed as a § 2255 petition, the one-year period of limitations for § 2255 motions applies. This period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

■ Here, the date the judgment of conviction became final, and the date the facts supporting the claims could have been discovered, are the relevant dates in considering whether the limitations period has run. The petitioner's conviction became final on November 2, 1995. Since the AEDPA did not become effective until April 24, 1996, there is a reasonable grace period for filing a § 2255 motion regarding events occurring before its enactment; however, the reasonable period for a § 2255 habeas corpus petition by a petitioner whose conviction became final prior to that date does not exceed one year from the date the AEDPA took effect. *See*

*Calderon v. U.S. District Court for the Central District of California,* 112 F.3d 386, 389 (9th Cir.1997) (concluding that "AEDPA's one-year time limit did not begin to run ... prior to the statute's date of enactment"); *United States v. Simmons,* 11 F.3d 737, 745–46 (10th Cir.1997); *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir. 1997). Hatcher's petition is not timely filed since it was filed after April 24, 1997, unless she can show that her claims rest upon facts that she could not with due diligence have discovered earlier than one year within filing this petition. Hatcher must have been aware of the facts underlying this petition for at least two years because the facts alleged are essentially the same facts as those alleged in her § 2255 motion filed in June, 1997. The facts on which the June, 1997 claims are based are substantially similar to the facts underlying Hatcher's present claims of ineffective assistance of counsel. The remaining claims (lack of jurisdiction and government's failure to prove conspiracy) in Hatcher's § 2241 motion are also based on facts which were discovered, or could reasonably have been discovered, more than one year before she filed the petition. Hatcher may have filed under § 2241 to avoid the one-year limitation period in § 2255.

### Conclusion

Hatcher's § 2241 motion should have been filed under § 2255. Since it is a successive petition, it must be referred to the Third Circuit Court of Appeals for a determination of whether this court should consider the petition in view of the restrictions, including the time limitations of 28 U.S.C. § 2255.

### ORDER

AND NOW, this 2nd day of December, 1999, upon consideration of petitioner's motion under 28 U.S.C. § 2241 to vacate, set aside, or correct sentence, it is **ORDERED** that:

Petitioner's motion to vacate, set aside, or correct sentence is properly filed under 28 U.S.C. § 2255 rather than under 28 U.S.C. § 2241.

Petitioner's motion is referred to the United States Court of Appeals for the Third Circuit for a certificate of appealability because without it this court lacks jurisdiction to consider the petition under the Antiterrorism and Effective Death Penalty Act of 1996.