UNITED STATES of America, Appellee,

v.

John DOE # 1, Defendant,

and

**John Doe # 2, Defendant–Appellant.**

**No. 830, Docket 92–1416.**

United States Court of Appeals,
Second Circuit.

Argued April 22, 1993.

Decided June 23, 1993.

Thomas J. Spargo, East Berne, NY, for defendant-appellant.

Paul D. Silver, Asst. U.S. Atty., N.D.N.Y. (Gary L. Sharpe, U.S. Atty., of counsel), for appellee.

Before: PRATT and JACOBS, Circuit Judges, and WHITMAN KNAPP, United States District Judge for the Southern District of New York, sitting by designation.

PER CURIAM:

John Doe pled guilty pursuant to a written plea agreement to conspiracy to possess with the intent to distribute and to distribute cocaine, *see* 21 U.S.C. § 846. Doe's crime called for a mandatory minimum sentence of five years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). The government, however, found that Doe contributed substantial assistance in the investigation or prosecution of another person and accordingly moved for a downward departure pursuant to U.S.S.G. § 5K1.1 from the mandatory minimum and from Doe's calculated guidelines' range of 63–78 months. The district court granted the government's departure motion and sentenced Doe to 30 months' imprisonment.

Doe's sole claim on appeal is that, in view of his extraordinary assistance to the government in infiltrating and setting up major drug suppliers in New York State, the district judge should have granted a more substantial downward departure than he did.

We write today to clarify our lack of jurisdiction to review the extent of a downward departure granted under U.S.S.G. § 5K1.1. Surprisingly, this issue has not been the subject of a published opinion in our circuit.

The district court may consider a downward departure for a defendant's substantial assistance only if the government makes a motion under U.S.S.G. § 5K1.1. If the government does so move, it is beyond question that we may not review a district court's discretionary determination not to grant a downward departure. *See, e.g., United States v. Rivera,* 971 F.2d 876, 896 (2d Cir.1992); *United States v. Ritchey,* 949 F.2d 61, 63 (2d Cir.1991). It follows logically, then, that neither may we review, at defendant's request, the *extent* of any departure the court may grant.

Our conclusion is supported by the statute that defines our jurisdiction to review a sentence on an appeal by the defendant. *See* 18 U.S.C. § 3742(a). That statute limits a defendant's right of appeal from a sentence to cases in which the sentence imposed was (1) in violation of law; (2) a result of an incorrect application of the sentencing guidelines; (3) for an offense for which there is no sentencing guideline and that is plainly unreasonable; or (4) greater than the sentence specified in the applicable guideline range. Since disappointment with the extent of a district judge's downward departure under U.S.S.G. § 5K1.1 falls in none of the appealable categories, the extent of such a departure lies wholly within a district judge's discretion.

Other circuits considering this issue have reached the same conclusion. *See United States v. McHenry,* 968 F.2d 1047, 1048 (10th Cir.1992); *United States v. Albers,* 961 F.2d 710, 712 (8th Cir.1992); *United States v. Gregory,* 932 F.2d 1167, 1168–69 (6th Cir. 1991); *United States v. Dickey,* 924 F.2d 836, 838 (9th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991); *United States v. Pomerleau,* 923 F.2d 5, 6 (1st Cir.1991); *United States v. Dean,* 908 F.2d 215, 217–18 (7th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2801, 115 L.Ed.2d 974 (1991); *United States v. Parker,* 902 F.2d 221, 222 (3d Cir.1990); *United States v. Wright,* 895 F.2d 718, 721–22 (11th Cir.1990) (per curiam).

We therefore conclude that we lack jurisdiction to hear this appeal.

Appeal dismissed.