30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James P. MASTRONARDI, Defendant-Appellant.
 No. 93-5825.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 13, 1994.
Decided: July 25, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-91-435-6)
 Randall Scott Hiller, Greenville, South Carolina, for Appellant.
 William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 J. Preston Strom, Jr., United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL and WILLIAMS, Circuit Judges, and GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 WILLIAMS, Circuit Judge:
 
 
 1
 James P. Mastronardi pled guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846 (1988), and money laundering, in violation of 18 U.S.C.Sec. 1956(a)(1)(A), (B) (West. Supp.1994). Pursuant to the Government's motion for a downward departure based upon substantial assistance, Mastronardi was sentenced to sixty months imprisonment. He appeals his sentence, arguing that the amount of the reduction in his sentence was insufficient, and he attributes the deficiency to comments made at the sentencing hearing which were not contained in the Presentence Report (PSR) and were inappropriate for sentencing purposes. We hold that this court lacks jurisdiction to hear a defendant's challenge based upon the extent of a downward departure. Moreover, because we find that Mastronardi's sentence was not imposed in violation of law and that the district court did not misapply the Sentencing Guidelines, we affirm.
 
 I.
 
 2
 On September 24, 1991, Mastronardi was charged in a nine count indictment. He entered into a written plea agreement with the Government on December 19, 1991, in which he agreed to plead guilty to the conspiracy and money laundering counts. The Government agreed, among other things, that Mastronardi accepted responsibility for his acts and to recommend that his sentence be imposed at the low end of the applicable Sentencing Guidelines range.[1]
 
 
 3
 Although not required by the plea agreement, Mastronardi thereafter "entered into a proffer arrangement with the United States." (J.A. at 29.) He provided information and was a cooperating witness in an investigation which led to the indictment of twenty-six individuals for conspiracy to possess with intent to distribute cocaine. He also arranged for federal agents to purchase cocaine and cocaine base from three individuals, which led to their arrests and prosecutions. On July 2, 1993, the Government filed a motion for downward departure, based upon the fact that Mastronardi provided substantial assistance as contemplated by U.S.S.G. Sec. 5K1.1.
 
 
 4
 At the sentencing hearing on July 12, 1993, the district court adopted the PSR without objection. Mastronardi's base offense level was 28. See U.S.S.G. Secs. 2D1.1(a)(3), (c)(8). He received a two-point increase for his role as an organizer, leader, manager, or supervisor of criminal activity, see U.S.S.G. Sec. 3B1.1(c), and a three-point reduction based upon his acceptance of responsibility, see U.S.S.G. Sec. 3E1.1(b), which yielded a total offense level of 27. Because Mastronardi had a criminal history category of one, his guideline range was seventy to eighty-seven months imprisonment. However, based upon the Government's substantial assistance motion, the district court sentenced Mastronardi to sixty months imprisonment, noting that he had "cooperated fully" and that he should "get the benefit for that cooperation." (J.A. at 32-33.)
 
 
 5
 Thereafter, Mastronardi made a motion to vacate sentence and for recusal of the presiding judge, which was denied on September 29, 1993. He timely appealed his sentence to this court.
 
 
 6
 Mastronardi argues that, in determining his sentence, the district court improperly relied on allegations that he had physically abused his girlfriend, allegations which he claims were not disclosed to him prior to the hearing and were prejudicial. In support of this contention, he also points to the disparity in the percentage reduction between his sentence and a codefendant's sentence, as well as the disparity from the sentence of another defendant sentenced by the same judge.
 
 II.
 
 7
 A defendant has a right to appeal a sentence which: (1) was imposed in violation of law, (2) was imposed as a result of an incorrect application of the Sentencing Guidelines, (3) was greater than the sentence indicated in the applicable guideline range, or (4) was imposed for an offense for which there was no sentencing guideline. 18 U.S.C.A. Sec. 3742(a) (West 1985 & Supp.1994). It is well established that this court ordinarily lacks jurisdiction over an appeal of the district court's refusal to make a downward departure from the guideline range. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir.), cert. denied, 498 U.S. 819 (1990). It follows, and ten other courts of appeals have held, that we may not review, at defendant's request, the extent of any downward departure the district court may grant.[2]
 
 
 8
 In Hazel, 928 F.2d at 424, the D.C. circuit provided the following rationale:
 
 
 9
 Given ... holdings [as in Bayerle ], granting the defendant's request for review in this case would place us in the inconsistent position of being able to review the methodology and justifications for the degree of a downward departure, while leaving us unable to review a decision not to depart in the first instance. Thus, should we remand a downward departure decision to the trial court, the sentencing judge could easily resolve the methodology problem by providing for no departure at all--a decision we would be unable to review, and one that would place a defendant ... in a worse position....
 
 
 10
 We agree with the reasoning of Hazel and the other circuits that have resolved this issue. Therefore, we now join those other circuits and hold that, to the extent Mastronardi's appeal is based upon his dissatisfaction with the degree of the downward departure, we lack jurisdiction under Sec. 3742 to hear the claim.
 
 
 11
 Mastronardi, however, attempts to evade this jurisdictional limitation by framing his contention in terms of a violation of law or a misapplication of the Sentencing Guidelines.[3] Mastronardi attributes what he believes to be an inadequate downward departure to comments made by the trial court at sentencing regarding an allegation that Mastronardi beat his girlfriend. We find this claim to be meritless.
 
 
 12
 The district court judge explicitly stated at the sentencing hearing that he would not consider the discussion regarding Mastronardi's girl-friend in connection with sentencing: "I was just curious.... I'll accept your version of [what happened], but regardless of that, it will not affect my sentence in any way." (J.A. at 36.) Moreover, at the subsequent hearing on Mastronardi's motion to vacate sentence and for recusal, the district judge further explained his actions:
 
 
 13
 I was curious about whether [Mastronardi] had a propensity for violence because in a previous plea, ... he was accused of that. I inquired of him. He explained it. Whether he's right or she's right, I have no idea. I know one thing, as I stated, it made no impression on me as far as the sentence that I would impose. He was sentenced to five years because he was a drug dealer and he distributed drugs in this area. And he would have gotten a significant amount of sentence, much higher than that, probably up to twice that easy if he had not cooperated.
 
 
 14
 (J.A. at 86.) Mastronardi also claims that the district court erred in sentencing him more harshly than a codefendant and another defendant in a similar drug case. Specifically, he points to the disparity between the respective downward departures. As we have stated, however, this court does not have jurisdiction to review the extent of a downward departure. Moreover, to the extent that Mastronardi claims entitlement to a lesser sentence based upon this disparity, his claim is meritless. See United States v. Ellis, 975 F.2d 1061, 1066 (4th Cir.1992) ("[A]bsent proof of actual prosecutorial misconduct, ... a district court may not depart downward based upon the disparity of sentences among co-defendants."), cert. denied, 113 S.Ct. 1352 (1993); see also United States v. Porter, 909 F.2d 789, 794 & n. 5 (4th Cir.1990) (district court has discretion to set a sentence anywhere within a properly calculated sentencing range, and disparity among coconspirators' sentences is not grounds for review). Accordingly, we find no support for Mastronardi's claim that his sentence was imposed in violation of law or was based upon a misapplication of the Sentencing Guidelines.
 
 III.
 
 15
 For the foregoing reasons, we affirm the district court's sentencing of Mastronardi.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [2]
 See United States v. Doe, 996 F.2d 606, 607 (2d Cir.1993); United States v. Correa, 995 F.2d 686, 687 (7th Cir.1993); United States v. Bromberg, 933 F.2d 895, 896-97 (10th Cir.1991); United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991); United States v. Sharp, 931 F.2d 1310, 1311 (8th Cir.1991); United States v. Hazel, 928 F.2d 420, 424 (D.C.Cir.1991); United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990); United States v. Parker, 902 F.2d 221, 222 (3d Cir.1990); United States v. Pighetti, 898 F.2d 3, 4 (1st Cir.1990); United States v. Wright, 895 F.2d 718, 720-21 (11th Cir.1990)
 
 
 [3]
 Mastronardi's contention that the district court misapplied the Sentencing Guidelines by failing to give independent consideration to his acceptance of responsibility and his substantial assistance is meritless. Mastronardi's offense level was 27, which included a three point reduction based upon his acceptance of responsibility. As a result, his guideline range was seventy to eighty-seven months imprisonment. Mastronardi, however, was only sentenced to sixty months imprisonment because the court departed downward based upon the Government's substantial assistance motion