101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Leo Eshekha MOMOH, Defendant-Appellant.
 No. 95-1674.
 United States Court of Appeals, Second Circuit.
 May 31, 1996.
 
 APPEARING FOR APPELLEE: Michele L. Adelman, Assistant U.S. Attorney, Brooklyn, NY
 APPEARING FOR APPELLANT: James C. Neville, New York, NY
 E.D.N.Y.
 AFFIRMED.
 Before VANGRAAFEILAND, WALKER and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 On October 31, 1992, appellant Leo Eshekha Momoh was arrested at John F. Kennedy International Airport carrying 58 balloons containing heroin inside his body. At trial, Momoh was convicted of one count of violating 21 U.S.C. §§ 952 & 960(b)(2)(a) and one count of violating 21 U.S.C. § 841(a)(1) & (b)(1)(B), offenses which carried a statutory minimum sentence of 60 months. At his sentencing hearing, the district court found that the base level for Momoh's offenses was 26, that Momoh was entitled to a four-level reduction for a minimal role under U.S.S.G. § 3B1.2(a), and that a two-level enhancement was appropriate for obstruction of justice under U.S.S.G. § 3C1.1, with a resulting offense level of 24. The resulting sentencing range was 51 to 63 months, and the district court sentenced him to the statutory minimum of 60 months imprisonment.
 
 
 4
 In a letter dated April 22, 1995, Momoh informed the government that he wished to cooperate with its investigation of Olusola Oluwafemi, who had been charged with conspiracy to import and distribute heroin and with whom Momoh had had conversations in prison. Momoh told the government that Oluwafemi had admitted to Momoh that he had engaged in the alleged conspiracy and had given Momoh details of his narcotics-related activities. Momoh also gave to the government a document on which Oluwafemi had written information concerning his case. The government subsequently confirmed that the document was in Oluwafemi's handwriting. In August, 1995, Oluwafemi pled guilty and it was the government's understanding that Momoh's potential testimony had been instrumental in securing the pre-trial disposition.
 
 
 5
 On September 6, 1995, the government moved pursuant to Fed.R.Crim.P. 35(b) to reduce Momoh's sentence. Momoh's counsel also submitted a letter in support of the motion. On October 11, 1995, the district court denied the motion. The district court stated:
 
 
 6
 The court has carefully considered the government's Rule 35 motion based on Mr. Momoh's cooperation and the defense submission in support. It declines to reduce the sentence further. The cooperation proffered, admissions to Mr. Momoh by an incarcerated defendant, would, at best, have corroborated other evidence possessed by the government. Its value would have been undercut considerably by Mr. Momoh's necessary admission that he perjured himself at his own trial. Indeed, while this court found perjury at the time of Mr. Momoh's sentence, the extent and boldness of the perjury is only now apparent. Not only did Momoh know he was carrying heroin on October 31, 1992--contrary to his testimony--he had knowingly smuggled drugs on five earlier occasions. Thus, he was not entitled to 4 points consideration for minimal role. Indeed, he may have been accountable for related conduct. Since the defendant already benefits from a lower sentence than warranted on the true facts of this case, the court concludes on balance that his cooperation was not of the sort to warrant any further reduction.
 
 
 7
 Momoh now appeals.
 
 
 8
 Our review of the denial of a Rule 35(b) motion is guided by the principles which govern the review of district court determinations under U.S.S.G. § 5K1.1. See United States v. Gangi, 45 F.3d 28, 31 (2d Cir.1995). Thus, in this case, we may not review the district court's discretionary failure to grant him relief; instead, we are limited to determining whether the district court's decision was in violation of law or was the result of a misapplication of the guidelines. United States v. Doe, 996 F.2d 606, 607 (2d Cir.1993) (per curiam).
 
 
 9
 Momoh first argues that the district court ignored the extent of his assistance to the government. We disagree. The district court plainly understood that it had the responsibility to weigh independently the value of Momoh's testimony and it stated that it had "carefully considered" both the submission of the government "based on Mr. Momoh's cooperation" and the defense's submission in response thereto. Momoh's real complaint is that the district court did not give his assistance as much weight as he would prefer, but the district court's decision on that issue is not one we may review on appeal. See id.
 
 
 10
 Momoh next argues that the district court impermissibly considered his failure to disclose previously that he had carried heroin into the United States on five prior occasions. Momoh contends that this is not one of the factors listed in § 5K1.1 and therefore should not have been considered. Again, we disagree. We note that § 5K1.1(a) plainly states that the district court may consider, "but [is] not limited to," the five factors set forth in that section. We do not think that it was improper for the district court to consider Momoh's admission of significant past criminal conduct in its determination of Momoh's eligibility for Rule 35(b) relief. In effect, the court concluded that the sentence already imposed was probably too lenient given the depth of Momoh's perjury and the likelihood that he had escaped a sentence enhancement based on relevant conduct. We conclude that the district court did not abuse its discretion in reaching its determination to deny a reduction of Momoh's sentence.
 
 
 11
 Accordingly, the judgment of the district court is affirmed.