104 F.3d 350
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Tyrone L. HINES and Johnny C. Cannon, Jr.; Anthony Burgess;
also known as Amp; Victor K. Dunn; Jeffrey Hines;
Terrell Tyler; Anthony L. Rucker; Gary R. Scott; Harry L.
Hines, Jr., also known as O; Otis L. Simmons, also known as
Od; Carl Morman; Tracy Thomas and Paula Dennard, Defendants,
Kenneth C. Shelton, Defendant-Appellant.
 No. 96-1002.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 Ronald J. Pelligra, Syracuse, NY.
 Grant C. Jaquith, A.U.S.A., N.D.N.Y., Syracuse, NY.
 Present: FEINBERG, CARDAMONE, McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the appeal is DISMISSED.
 
 
 3
 Tyrone Hines organized and ran a drug ring distributing cocaine and crack cocaine in Syracuse, New York for over three years. Kenneth Shelton was part of that ring. He was the "cooker," who turned cocaine into crack cocaine. Shelton was never paid for his services, but instead received crack from Hines to support his own drug addiction.
 
 
 4
 Shelton pled guilty in the United States District Court for the Northern District of New York (Scullin, J.) to conspiracy to possess with intent to distribute cocaine and crack cocaine in violation of 18 U.S.C. § 846. Shelton's plea agreement provided that the government would move the district court for a downward departure in exchange for Shelton's truthful cooperation and assistance. The government did file a motion for a downward departure and the court granted it, reducing Shelton's offense level from 33 to 30, producing a sentencing range of 108--135 months. Judge Scullin then went even further: he sentenced Shelton to 70 months in prison.
 
 
 5
 Shelton now appeals, arguing that the district court erred by sentencing him based solely on the government's recommendation, without making an independent inquiry into the nature, extent and significance of Shelton's substantial assistance to the government.
 
 
 6
 We have held repeatedly that, with a few limited exceptions, a district court's discretionary downward departure is not reviewable on appeal. See United States v. Moe, 65 F.3d 245 (2d cir.1995); United States v. Lawal, 17 F.3d 560 (2d Cir.1994); and United States v. Doe, 996 F.2d 606 (2d Cir.1993). While a district court's sentence that "violates the law" is one of those exceptions, id., the court's failure to specifically enumerate its reasons for departure is not such a "violation of the law." United States v. Lawal, 17 F.3d 560, 563 (2d. Cir.1994). And, we find no indication that the district court improperly delegated its sentencing authority to the prosecutor; indeed, the court explicitly stated that it had "reviewed the record thoroughly," and sentenced the defendant to considerably less time than advocated by the prosecutor. Thus, we may not review the extent of the court's downward departure.
 
 
 7
 We have considered all the arguments raised by Shelton and find them to be without merit.
 
 
 8
 Accordingly, the appeal is DISMISSED.