104 F.3d 357
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
James ROE, et al., Defendants,
John DOE, Defendant-Appellant
 No. 96-1254.
 United States Court of Appeals, Second Circuit.
 Dec. 16, 1996.
 
 E.D.N.Y.
 AFFIRMED.
 FOR APPELLANT: ERIC FRIEDBERG, Assistant United States Attorney, Brooklyn, N.Y. (Zachary W. Carter, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, of counsel). TODD M. MERER, New York, NY.
 PRESENT: VAN GRAAFEILAND, JACOBS, CALABRESI, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Raggi, J.), and was taken on submission.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 Defendant John Doe appeals from a July 12, 1996 amended judgment of the United States District Court for the Eastern District of New York (Raggi, J.), entered after the district court re-sentenced Doe to a term of imprisonment of 19 years, to be followed by a lifetime term of supervised release.
 
 
 1
 On June 24, 1992, Doe, a high-ranking lieutenant in a New York cell of the world's primary international drug trafficking organization, pleaded guilty pursuant to a plea agreement to a one-count indictment charging him with conspiracy to possess with intent to distribute cocaine. Pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the government and Doe stipulated in the plea agreement that Doe should receive a sentence of 27 years in prison. On November 6, 1992, the district court accepted the plea agreement and sentenced Doe to a 27 year term.
 
 
 2
 After his guilty plea, Doe began to cooperate with the government. On October 18, 1993, the government filed a motion to reduce Doe's sentence pursuant to Fed.R.Crim.P. 35(b) based on his ongoing cooperation, but requested that the motion be held in abeyance pending the completion of Doe's cooperation. By letter dated April 15, 1994, the government supplemented its Rule 35 motion, further outlining the extent of Doe's cooperation. The government noted that, in addition to a debriefing regarding Doe's own narcotics-related conduct and knowledge, Doe had provided information through third parties acting as government informants on Doe's behalf. This third party information, the government reported, had resulted in the arrest of one person found to be in possession of 30 kilograms of cocaine, the seizure of $225,000 in narcotics in a second case, and the seizure of a machine gun and 200 kilograms of cocaine in a third case.
 
 
 3
 At a December 2, 1994 status conference, Judge Raggi explained to Doe and his three cooperating co-defendants that if they wished to continue to pursue third party cooperation, they should understand that
 
 
 4
 I am not particularly impressed by such cooperation and do not tend to give it much weight in either Rule 35 applications or indeed initial sentencing. I recognize the ease with which third party intermediaries, particularly [those] involved in drug trafficking themselves, can barter, so to speak, a deal here and there in exchange for some cooperation. I don't view this as a bazaar.
 
 
 5
 The court stated that it was willing to continue to hold in abeyance the Rule 35 motions filed by Doe and his co-defendants, to allow for continuing cooperation, so long as it was understood that the district court did not "view third party cooperation as particularly valuable." At no point in this or any other proceeding did the district court intimate that it would wholly reject third party cooperation in considering the Rule 35 motion.
 
 
 6
 At Doe's sentencing on July 14, 1995, the district court recognized that the cooperation provided by intermediaries on Doe's behalf had been "of benefit for the government." The court indicated, however, that this cooperation had to be offset by the fact that Doe was "by no means a small level trafficker," but was the "right hand man of a drug organization" and was involved "in the laundering of $16,000,000" and the "distribution of 1500 kilograms of cocaine."
 
 
 7
 The court stated that it would accept the government's determination that Doe's cooperation was full and complete, and that, despite its previously expressed "skepticism," it would give [Doe] the benefit of the doubt and just assume that this was all [Doe] had to give." The court took note of its previously expressed reservations concerning third party cooperation, but emphasized, "I won't pursue that further and I don't assume it for purposes of this sentence." Having set that issue to one side, the court found that when the "need to send a strong deterrent message" was weighed against the value of the cooperation, a five year reduction was all that was warranted, given the seriousness of Doe's criminal conduct.
 
 
 8
 Subsequently, Doe applied to the district court for re-sentencing based on the Sentencing Commission's retroactive change of the base offense levels for narcotics offenses. On July 12, 1996, the district court re-sentenced Doe to a term of 19 years in prison, reflecting the retroactive change in the guidelines, as well as the five year downward departure allowed for Doe's cooperation. This appeal followed.
 
 
 9
 Appellate review of sentence reductions under Rule 35(b) is governed by 18 U.S.C. § 3742. United States v. Doe, 93 F.3d 67, 68 (2d Cir.1996). This statute limits a defendant's right to appeal from a sentence to cases in which the sentence imposed was "(1) in violation of the law; (2) a misapplication of the Guidelines; (3) an upward departure from the Guidelines; or (4) a plainly unreasonable penalty for an offense not included in the Guidelines." United States v. Lawal, 17 F.3d 560, 562 (2d Cir.1994). Pursuant to § 3742, we conclude that we lack jurisdiction to review the extent of the downward departure in this case. United States v. Doe, 996 F.2d 606, 607 (2d Cir.1993) (per curiam).
 
 
 10
 Doe recognizes that we may not review the extent of Judge Raggi's departure, but frames his appeal as a challenge to the fairness of the procedure by which the court made its sentencing determination, in particular her supposed discounting of third party cooperation given for the defendant's account. In United States v. Gangi, 45 F.3d 28, 32 (2d Cir.1995), we undertook to review a district court's disposition of a government motion under Rule 35 where the defendant lacked an opportunity to comment upon that motion. But this is not such a case.
 
 
 11
 Although the district court expressed skepticism regarding third party cooperation, it made clear at the sentencing hearing that this would not figure in the determination of the appropriate reduction. Judge Raggi properly weighed the value of Doe's cooperation against the seriousness and magnitude of his criminal conduct, as well as the need to send a message of deterrence. Contrary to Doe's contention, that determination was premised upon facts and circumstances richly supported in the record, and did not constitute a deprivation of Doe's due process rights.
 
 
 12
 Insofar as Doe challenges the extent to which Judge Raggi chose to downwardly depart, we lack jurisdiction to review that decision. United States v. Doe, 996 F.2d at 607. We have considered all of defendant's contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.