**UNITED STATES of America,**
**Appellee,**

v.

**Beverlyn SANTIAGO, Defendant–**
**Appellant.**

**No. 03–1333.**

United States Court of Appeals,
Second Circuit.

Dec. 8, 2003.

Avraham C. Moskowitz, Moskowitz & Book, New York, N.Y. (Joseph A. Grob), for Defendant–Appellant, of counsel.

Daniel M. Gitner, Assistant United States Attorney, New York, N.Y. (James B. Comey, United States Attorney, and James G. Cavoli, Assistant United States Attorney), for Appellee, of counsel.

Present: JACOBS, STRAUB, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal from the judgment of the district court be **DISMISSED.**

Defendant Beverlyn Santiago appeals from a sentence entered in the United States District Court for the Southern District of New York (Casey, *J.*). Pursuant to a cooperation agreement, Santiago pled guilty to participating in a racketeering organization by conspiring to commit offenses in violation of 18 U.S.C. §§ 1961–62, conspiring to possess and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, conspiring to commit robbery in violation of 18 U.S.C. § 1951, and using or carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Familiarity with the facts of this case is presumed.

While serving as a cooperating witness and awaiting sentencing in the Metropolitan Correctional Center, Santiago was sexually assaulted in prison by a prison guard working for the U.S. Bureau of Prisons, who was later arrested and convicted (Santiago received a $250,000 settlement of her resulting civil claim against the U.S. Bureau of Prisons).

The sentence imposed reflected a 142–month downward departure based on Santiago's cooperation with authorities. Santiago argues on appeal that her sentence should be vacated and the matter remanded to a different judge for resentencing because the district court judge failed to recognize his authority to give Santiago a greater downward departure by reason of her cooperation in the prosecution of the prison guard who attacked her.

Denial of a discretionary downward departure is generally unappealable and, since "disappointment with the extent of a district judge's downward departure under U.S.S.G. § 5K1.1 falls in none of the [U.S. Sentencing Guidelines'] appealable categories, the extent of such a departure lies wholly within a district court's discretion." *United States v. Doe,* 996 F.2d 606, 607 (2d Cir.1993). Thus, an appeal of such departures may only be granted if, as is contended here, the judge mistakenly failed to understand his authority to depart. *See, e.g, United States v. Desena,* 260 F.3d 150, 159 (2d Cir.2001). This Court applies "a presumption that district judges understand the much-discussed processes by which they may ... exercise discretion to depart from the sentence range prescribed by the Guidelines calculus," *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996) (citations omitted), that can only be overcome by "the rare situation where the record provides ... clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *Id.*

Santiago fails to show such a misapprehension by Judge Casey. She cites Judge Casey's observation at sentencing that, in her cooperation in the investigation of the prison guard, "she was a victim ... not a cooperating defendant," and argues that this statement "suggests that the District Court believed that a defendant may only receive consideration at sentence for the cooperation offered in the context of an underlying criminal case."

In granting Santiago a downward departure, Judge Casey specifically cited the "substantial assistance to ... law enforcement authorities as documented in the government's February 12, 2003 letter." The prosecution letter in support of its 5K1.1 motion documented Santiago's cooperation in the investigation and prosecution of the prison guard as a factor that the court should consider in making any

downward departures. Whether or not the court had the power to premise a downward departure on such cooperation, there is no reason to think that Judge Casey thought that power was lacking, and good reason to conclude that he exercised it.

For the foregoing reasons, Santiago's appeal from the judgment of the district court is hereby **DISMISSED.**