**UNITED STATES of America,**
**Appellee,**

v.

**Jesus SALCEDO, Defendant–Appellant.**

**No. 04–3914.**

United States Court of Appeals,
Second Circuit.

June 20, 2005.

Lawrence H. Schoenbach, New York, NY., for Appellant.

David N. Kelley, United States Attorney for the Southern District of New York (Daniel M. Gitner, Harry Sandick, Assistant United States Attorneys), New York NY., for Appellee, of counsel.

PRESENT: FEINBERG, CARDAMONE, and SACK, Circuit Judges.

## SUMMARY ORDER

The defendant-appellant, Jesus Salcedo, appeals from the judgment of the district court, entered July 15, 2004, sentencing him principally to a total of 150 months' imprisonment. Salcedo argues that the district court "abused its discretion when it granted [him] a limited and disparate downward sentence departure"; thus, Salcedo is attempting to appeal as to the extent of the downward departure that the district court granted in sentencing him.

In October 1998, Salcedo pleaded guilty, pursuant to a plea agreement, to a superseding information charging him with six counts, including those of 1) participating in a racketeering organization, through the acts of felony murder, conspiracy to rob and robbery, kidnaping, attempted murder, conspiracy to distribute and possess with intent to distribute crack cocaine, heroin, and cocaine, possession with intent to distribute cocaine, and attempted possession with intent to distribute cocaine, in violation of 18 U.S.C. § 1962(c), and 2) participating in a conspiracy to violate the narcotics laws, in violation of 21 U.S.C. § 846. Shortly after his arrest in November 1997 for illegally reentering the country, Salcedo had begun cooperating with the government, providing credible and useful information about the structure of the racketeering organization, and the roles and criminal activities of his co-conspirators. He later testified at the trial of three of his co-conspirators, who were convicted of numerous crimes.

The Presentence Investigation Report ("PSR") prepared by the Probation Office determined the applicable Guidelines range for Salcedo's sentence to be 360 months to life imprisonment, to be followed by a mandatory consecutive sentence of 60 months' imprisonment. The government sent a letter to the district court stating its intention to move for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and explaining, *inter alia*, the nature, extent, and value of Salcedo's cooperation. At a sentencing hearing held in June 2004, the

government noted that Salcedo's cooperation could fairly be called "extraordinary" but that it was not necessarily "extraordinary" compared to that of other cooperators in the case, some of whom arguably provided more important information than Salcedo did. At a second sentencing hearing in June 2004, after the government sent another letter to the district court reiterating the importance of Salcedo's cooperation, the district court sentenced Salcedo to concurrent sentences of 150 months' imprisonment on each of the six counts (rather than 210 months as it had previously indicated).

■ 18 U.S.C. § 3742(a), which lists the possible bases for a defendant's appeal as to his or her sentence and which has not been excised by *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "does not generally confer jurisdiction on courts of appeals to review a district court's refusal to grant a downward departure or *the extent of any downward departure* that is granted." *United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.1998) (emphasis added). In particular, "[a] defendant cannot generally appeal the extent of a departure made pursuant to U.S.S.G. § 5K1.1." *United States v. Lucas*, 17 F.3d 596, 599 (2d Cir. 1994); *accord United States v. Gonzalez*, 192 F.3d 350, 353 (2d Cir.1999) (per curiam); *United States v. Ming He*, 94 F.3d 782, 787 (2d Cir.1996); *United States v. Moe*, 65 F.3d 245, 251 (2d Cir.1995); *United States v. Doe*, 996 F.2d 606, 607 (2d Cir.1993) (per curiam). There are a few narrow exceptions to this general rule, "where the defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart." *United States v. Scott*, 387 F.3d 139, 143 (2d Cir.2004) (internal quotation marks and citation omitted).

This case involves none of these exceptions.

■ Furthermore, this case is not an appropriate one in which to address the question of whether, in light of *Booker*, this Court should instead review the extent of a downward departure by a district court for abuse of discretion. Even under such a standard, we would affirm the district court's departure. When the government moves for a downward departure as to a defendant's sentence based on the latter's cooperation, the decision whether to depart, and by how much, rests with the court. *See generally* U.S.S.G. § 5K1.1. The court clearly took the government's evaluation of Santiago's cooperation into account. Furthermore, Salcedo's sentence was considerably lower than that of the non-cooperating defendants, as well as that of another cooperating defendant, who were involved in some of the same criminal acts as Salcedo, namely the kidnaping and murder. The fact that Salcedo's sentence was similar to that of another cooperator, Beverly Santiago, whom Salcedo argues was more culpable and who provided less credible information, does not point to an abuse of discretion on the court's part, because it is difficult to assess the relative culpability of Salcedo and Santiago in light of all of the offenses to which they respectively pleaded guilty, and she was sentenced by a different judge. Salcedo argues that his sentence was not sufficiently shortened because it did not begin on the day of his arrest, in contrast to the sentences of some of these defendants. he fails to take into account, however, that, according to the Bureau of Prisons, his federal sentence began to run in May 2003, when his state sentence as to an unrelated offense expired. The Bureau of Prisons "determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custo-

dy." *United States v. Montez–Gaviria,* 163 F.3d 697, 700–01 (2d Cir.1998) (internal quotation marks and citation omitted); *see also* 18 U.S.C. § 3585(a).

Finally, in response to a special order of inquiry, Salcedo has indicated that he does not seek a remand for consideration of resentencing pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.