**UNITED STATES of America,**
**Appellee,**

v.

**Carlos TOLENTINO, Jr., Defendant–**
**Appellant.**

**No. 06–4868–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 11, 2007.

Lawrence D. Gerzog, New York, NY, for Defendant–Appellant.

Marcus A. Asner, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Defendant–Appellant Carlos Tolentino, Jr. appeals from a judgment of the United States District Court for the Southern Dis-

trict of New York (Denny Chin, *Judge*), entered on October 16, 2006, sentencing him on a guilty plea principally to a total of 48 months' imprisonment for one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841, 846, and one count of importation of a controlled substance, in violation of 21 U.S.C. § 952(a). We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

Tolentino argues that in determining the extent to which to depart from the advisory Guidelines-recommended range of imprisonment, the District Court erred as a matter of law in considering crimes Tolentino committed during the period of his cooperation to determine Tolentino's downward departure pursuant to U.S.S.G. § 5K1.1. In order to determine the "appropriate reduction" pursuant to section 5K1.1, courts are instructed to consider the reasons given by the government, "that may include, but are not limited to," timeliness, nature, extent, completeness, and value to the government of the cooperation; however the size of the reduction is committed to the discretion of the court. U.S.S.G. § 5K1.1 ("Upon motion of the government ... the court *may* depart from the guidelines." (emphasis added)). In addition, a sentencing court is generally at liberty to consider unlawful conduct when sentencing a defendant. *See* 18 U.S.C. § 3553(a)(1) (permitting a court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"); U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."). "Although a refusal to downwardly depart is generally not appealable, review is available when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). Similarly, a defendant ordinarily has no right to appeal the extent of a downward departure, *see, e.g., United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.), *cert. denied*, 525 U.S. 1048, 119 S.Ct. 607, 142 L.Ed.2d 547 (1998); *United States v. Doe*, 996 F.2d 606, 607 (2d Cir. 1993), except insofar as he contends that the district court made such an error of law.

Here, in determining the extent of the downward departure, the District Court's consideration of Tolentino's two unrelated crimes was not in error. The government's motion explained that Tolentino's usefulness decreased when he committed the two crimes during the period of cooperation. Courts are instructed to give "[s]ubstantial weight" to "the government's evaluation of the extent of the defendant's assistance." U.S.S.G. § 5K1.1 cmt. n. 3. Moreover, the record makes clear that the District Court considered the applicable Guidelines range of 151 to 188 months, the presentence report, the severity of the crime, Tolentino's statement, and submissions by counsel. The District Court then chose a sentence of 48 months based on the downward departure motion submitted by the government pursuant to U.S.S.G. § 5K1.1, substantially below the Guidelines range. There is no indication that the District Court "misapprehended the scope of its authority to depart" or that the sentence was "otherwise illegal." *Valdez*, 426 F.3d at 184.

For these reasons, we AFFIRM the judgment of the District Court.