**UNITED STATES of America,**
**Appellee,**

v.

**James GILMORE, Defendant–**
**Appellant.**

**No. 06–5915–cr.**

United States Court of Appeals,
Second Circuit.

July 18, 2008.

B. Alan Seidler, New York, NY, for Appellant.

W.S. Wilson Leung (Diane Gujarati, on the brief), Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, for Appellee.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, and DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

James Gilmore ("appellant") appeals from a judgment of the United States District Court for the Southern District of New York (Batts, J. ), filed December 19,

---

* The Honorable David G. Trager, District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

2006, convicting him, following a guilty plea, of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, committing bank fraud in violation of 18 U.S.C. § 1344, and threatening a witness in violation of 18 U.S.C. §§ 1512(a)(2)(C), (3)(C). Appellant was sentenced to 120 months' imprisonment, followed by 5 years of supervised release, and ordered to pay restitution in the amount of $15,920 and to forfeit $312,131.57. Appellant appeals only the sentence. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

██ Although his trial counsel made no objection, the appellant first contends on appeal that the government acted in bad faith in not making a § 5K1.1 motion. Appellant's guilty plea was entered pursuant to a cooperation agreement ("Agreement"). In the Agreement, according to its standard terms, the government promised that, if the government was satisfied by the quality of the appellant's assistance and if the appellant abided by the Agreement's terms, the government would file a motion for downward departure, pursuant to U.S.S.G. § 5K1.1, based on appellant's substantial assistance. At sentencing, the government declined to file a § 5K1.1 motion on appellant's behalf.

"[If] a cooperation agreement provides for a motion for downward departure on condition the defendant provide substantial assistance to be determined in the discretion of the prosecutor, then the Court's role is limited to deciding whether the prosecutor has made its determination in good faith. If so, the prosecutor has not breached the agreement and the Court's role is at an end." *United States v. Rexach*, 896 F.2d 710, 714 (2d Cir.1990) (internal quotation marks omitted). "To meet its obligation of good faith, the government need only demonstrate honest dissatisfaction with the defendant's efforts." *United States v. Reeves*, 296 F.3d 113, 116 (2d Cir.2002).

In a sentencing letter to the court detailing the appellant's multiple failures to provide substantial assistance, the government stated that the appellant refused to attend several meetings at which the government requested his presence; the appellant initially informed the government that he would not testify against two alleged co-conspirators; and, most importantly, after signing the Agreement but before testifying against the two alleged co-conspirators, the appellant committed similar crimes of fraud with another cooperating witness yet did not disclose this to the government until after the co-conspirators' trial had been completed. The appellant did not object to these factual allegations and, indeed, his trial counsel freely acknowledged that he "committ[ed] similar crimes while on liberty at bail." What is more, the appellant's failures to adhere to the Agreement severely prejudiced the government: the district judge presiding over the trial of the alleged co-conspirators granted a post-trial motion for a new trial and vacated the conviction of one of the appellant's alleged co-conspirators once it was discovered that the appellant engaged in undisclosed, similar criminal conduct with a cooperating witness just prior to the trial. On the basis of this record, it is pellucidly clear that the government did not act in bad faith in determining that the appellant had failed to abide by the Agreement and to provide substantial assistance to the government.

Appellant next argues that his trial counsel was ineffective for not objecting to the government's failure to make a § 5K1.1 motion. Following normal practice, we leave resolution of this issue to a future section 2255 motion, at which time the appellant may seek to develop facts in

support of his claim. *See United States v. Doe,* 365 F.3d 150, 154 (2d Cir.2004).

Regarding the sentence imposed, appellant argues that (a) the district court should have adjusted his sentence downward based on appellant's substantial assistance, notwithstanding the government's failure to file a § 5K1.1 motion; (b) appellant should have received a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1; and (c) other similarly situated individuals involved in the conspiracy received lesser sentences.

■■■ These arguments have no merit. First, "[t]he district court may consider a downward departure for a defendant's substantial assistance only if the government makes a motion under U.S.S.G. § 5K1.1." *United States v. Doe,* 996 F.2d 606, 607 (2d Cir.1993) (per curiam). Thus, on that ground, the appellant's objection is properly directed to the government, not the district court. Moreover, "although a refusal to downwardly depart is generally not appealable, review is available when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005). Here, neither exception applies and therefore the district court's independent decision not to grant a downward departure is not reviewable.

■■■ Second, the district court's determination with respect to the applicability of U.S.S.G. § 3E1.1 is reviewed for clear error, *see, e.g., United States v. Champion,* 234 F.3d 106, 110 (2d Cir.2000) (per curiam), and its decision should not be disturbed on appeal unless it is "without foundation," *United States v. Case,* 180 F.3d 464, 468 (2d Cir.1999) (per curiam). Given that appellant did not and does not contest that he engaged in "similar crimes" after his guilty plea, the district court's determination that his plea did not represent an acceptance of responsibility was not without foundation.

■■■ Third, not only is appellant not similarly situated to his co-conspirators, but we have also recently reiterated that a district court is not required to take into account sentencing disparities between similarly treated co-defendants. *See United States v. Frias,* 521 F.3d 229, 236 (2d Cir.2008) ("[S]ection 3553(a)(6) requires a district court to consider nationwide sentence disparities, but does not require a district court to consider disparities between co-defendants.").

We have considered appellant's remaining arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment and order of the District Court.